STATE ex rel. J. C. PENNEY CO., Inc., Petitioner, *v.* The
DISTRICT COURT OF the ELEVENTH JUDICIAL DIS-
TRICT of the State of Montana, IN AND FOR the
COUNTY OF FLATHEAD, and the Honorable Robert
S. Keller, a Judge thereof, Respondents.

No. 11774.
Submitted January 22, 1970.
Decided February 26, 1970.
465 P.2d 824.

Korn, Worden & Walterskirchen, Gary Christiansen (argued),
Kalispell, for petitioner.

Murphy, Robinson, Heckathorn & Phillips, I. James Hecka-
thorn (argued), Kalispell, for respondents.

MR. JUSTICE CASTLES delivered the Opinion of the
Court.

This is an original proceeding seeking a writ of supervisory
control. We issued an order to show cause on ex parte applica-
tion. Return was made and argument had.

Petitioner is the defendant in cause No. 19,473 entitled Bessie
Chrisinger, Plaintiff v. J. C. Penney Co., Inc., Defendant, in the
Eleventh Judicial District of Flathead County wherein the
plaintiff seeks damages for injuries as a result of a fall on a
sidewalk adjacent to the defendant's store in Kalispell.

The complaint charged that defendant negligently maintained
the sidewalk adjacent to its store so as to allow a portion of
the sidewalk to become raised creating an impediment to safe
and convenient foot travel. Through discovery the plaintiff
and her attorneys have stated that the plaintiff fell on a sec-
tion of concrete sidewalk which had become raised. No im-
provement was installed in the sidewalk. Also through inter-
rogatories, it was shown that the defendant leased the store
premises from the owner, Edmiston & Bell, Inc., which owner
had built the store building in the year 1956. Also, that after
the accident the City of Kalispell repaired the sidewalk by chip-
ping the edge or raised portion; the owner was billed and paid
for the repairs. These facts were brought out in June 1968.

On September 8, 1969, the single defendant, J. C. Pen-
ney Co., moved for summary judgment. At a pretrial confer-
ence on September 10, 1969, the respondent court requested
briefs. Defendant's motion was on the grounds generally that it
had breached no legal duty owed the plaintiff. Since plaintiff
had established that she did not fall on any improvement in-
stalled in the sidewalk adjoining defendant's store, defendant
insisted she had not brought herself within the exception to the
general rule that, in Montana when an accident occurs on a pub-

lic sidewalk liability would attach to the municipality rather than the owner of the abutting property, as the duty to keep the sidewalk in reasonable repair is imposed upon the city and not on the owner of abutting property. See Mitchell v. Thomas, 91 Mont. 370, 8 P.2d 639.

In her brief in opposition to the defendant's motion for summary judgment, the plaintiff, for the first time, suggested that:

"Plaintiff hopefully intends to introduce evidence that the sidewalk was negligently constructed in the first instance and that the defect was caused by the peculiar manner in which the sidewalk was initially constructed."

On October 15, 1969, the respondent court denied the motion for summary judgment. On October 20, 1969, the defendant filed a third party complaint interpleading Edmiston & Bell, Inc. as a third party defendant on the basis that if any liability existed, it existed as to the owner and not the lessee. The trial setting was vacated.

On October 30, 1969, the petitioner applied to this Court for a writ of supervisory control. Subsequent to our issuing an order to show cause, but not until January 14, 1970, plaintiff sought leave to amend her complaint to add Edmiston & Bell, Inc. and the City of Kalispell as defendants purporting a new theory: that faulty specifications and faulty construction caused a defective condition in the sidewalk, which condition caused plaintiff's accident, and that either J. C .Penney Co., or Edmiston & Bell, Inc., the owners, or the City of Kalispell, or all of them, negligently maintained the sidewalk. On January 20, 1970, two days prior to our hearing on the return to the order to show cause, the respondent court allowed the amended complaint.

The respondent court made a return to our order to show cause in this explanation of its action:

"I denied the motion for summary judgment for the reason that plaintiff's brief indicated a theory premised upon negligent design of the sidewalk; I informed counsel that the pleadings,

as such, were not sufficient to state this theory, and that on the face of the pleadings, the motion for summary judgment should be granted. However, I was going to give plaintiff leave to amend the pleadings so as to state the theory indicated in the brief. The matter had already been set down for trial on the fall term docket, and the defendant expressly requested that the trial setting be vacated so that they could join the designer of the sidewalk as a third party defendant, since this was the route that we were going. The trial setting, accordingly, was vacated. Then came this writ.

"Defendant's motion for summary judgment could have been granted, with leave to the plaintiff to amend within a stated time, or the motion could be denied with leave to the plaintiff to amend within a stated time. However, counsel on both sides of this particular case are men of integrity and well experienced. If plaintiff's counsel says he is going to amend, he will; if defendant's counsel says that he is going to make the designer a third party defendant, he will. The trial date was imminent, and since we use a pre-selected jury, a simple order of denial was made without an accompanying memo, with the details explained orally.

"Since this return to writ was prepared, but before it was served, the plaintiff did move for leave to amend, argument was held thereon on January 20, 1970, and leave was granted to the plaintiff to amend her complaint."

From what we have stated heretofore, it is clear that prior to the amended complaint the motion for summary judgment was well taken. The factual basis for the plaintiff's claim was that the defendant store, J. C. Penney Co., negligently maintained a public sidewalk abutting its store. Since, in Montana, the duty to maintain the sidewalk is on the city, J. C. Penney Co. breached no legal duty owed the plaintiff. Since no genuine issue as to any material fact appeared, J. C. Penney Co. was entitled to judgment as a matter of law.

Now, after amendment, with a purported new theory that in

the original construction of the sidewalk there was faulty design or faulty construction, or both, and such faulty design or construction was the proximate cause of plaintiff's injury, it is our view that this is reaching far afield, insofar as the single defendant J. C. Penney Co. was concerned, to breathe life into a complaint. None of the pretrial procedures and discovery procedures brought anything to light to suggest such a theory, other than the brief as quoted heretofore. Thus, there was no *genuine* issue of fact established or alleged that would change the rule of law forming the basis of the duty owed by defendant J. C. Penney Co. to plaintiff. The district court erred in denying the motion for summary judgment.

We have heretofore said that no facts were found to support the purported new theory. The discovery procedures had produced the lease agreement between J. C. Penney Co. and the owner in June 1968. If any basis for responsibility on the part of the defendant J. C. Penney Co. arose from the contractual relationship as a lessee, it was not developed nor alleged, except in an afterthought fashion. This does not amount to a genuine issue as to a material fact contemplated by Rule 56(c), M.R.Civ.P.

As to the joinder of the City of Kalispell and the court alleging some possibility of responsibility for maintainance on the part of J. C. Penney Co., this does not, insofar as J. C. Penney Co. is concerned, breathe new life into the complaint.

We hold then, that the district court was in error in denying the defendant J. C. Penney Co.'s motion for summary judgment, and the order denying the motion is set aside.

MR. CHIEF JUSTICE JAMES T. HARRISON, and MR. JUSTICE JOHN HARRISON, concur.

MR. JUSTICES HASWELL and BONNER (dissenting):

We dissent. In our view the majority holding constitutes an unwarranted interference with the trial judge's discretion in handling essentially procedural matters prior to trial. Addi-

tionally, it encourages direct, successive and piecemeal applications to this Court for review of purely preliminary and interlocutory orders of the trial courts of this state.

Here the trial court, in the exercise of its discretion, denied defendant's motion for summary judgment at the time it was heard. This was done for the purpose of permitting plaintiff to amend her pleadings to state a claim for relief based on negligent design of the sidewalk on which she fell. This denial was interlocutory in character, its purpose was to assist in formulation of the issues for trial, and the existence of this basis for liability became known to plaintiff only shortly before hearing, when an excavation was made under the sidewalk. The existence of an available alternative procedural method for handling this situation, e. g. by granting summary judgment on the existing posture of the case with leave to amend, or by deferring ruling on summary judgment pending amendment or pleadings and proof, in no sense forecloses the district court from proceeding as it did.

An order denying summary judgment is interlocutory in character and nonapplicable in the absence of a statute authorizing such appeal. 3 Barron and Holtzoff, Federal Practice and Procedure, § 1242; 6 Moore's Federal Practice § 56.21 [2]; United States v. Florian, 312 U.S. 656, 61 S.Ct. 713, 85 L.Ed. 1105; rehearing denied 312 U.S. 715, 61 S.Ct. 738, 85 L.Ed. 1145; also see 17 L.Ed.2d 886, Reviewability of Federal Court's Denial for Motion for Summary Judgment. The vast majority of cases that have ruled upon the question under state summary judgment procedures have likewise so held. See 15 A.L.R.3d, Reviewability of Order Denying Motion for Summary Judgment, ppp. 902-908, for collation of cases from all jurisdictions. An order denying summary judgment is not an order from which an appeal may be taken in Montana. Rule 1, M.R.App. Civ.P.

Since denial of a motion for summary judgment is neither appealable nor reversible, it is not res judicata. Fraser v. Doing,

76 U.S.App.D.C. 111, 130 F.2d 617. It may be reviewed later if circumstances warrant and a different ruling may be made at that time. 6 Moore's Federal Practice § 56.14 [2], p. 2259, states the principle in this language:

"* * * And if good reason is shown why the prior ruling is no longer applicable or for some other reason should be departed from, the court can and should entertain a renewed motion for summary judgment in the interest of effective judicial administration."

In the instant case we are dealing with an interlocutory, non-appealable, procedural, pretrial formulation of issues by the district court prior to entry of any pretrial order. In this area, the district court should be given the widest possible latitude in our view. Instead, the majority grant defendant a "short-cut appeal" by extraordinary writ, granting the district court no discretion in the formulation of issues and plaintiff no right to amend. In our view summary judgment is not available as a sanction to be imposed by this Court for what it considers undue delay in presenting a claim for relief based on a different legal theory. Under the circumstances here, we do not believe there was such undue delay by plaintiff that she should be deprived of a reasonable opportunity to present evidence showing a genuine issue of material fact under her newly discovered and different legal theory.

For the foregoing reasons, we respectfully dissent.