MR. JUSTICE GULBRANDSON
delivered the Opinion of the Court.
This case comes on appeal from an order of the District Court of the Fourth Judicial District, Missoula County, granting defendant Vicki Richter, d/b/a, The Hair Bender, summary judgment. We affirm.
On August 31,1976, while visiting her parents in Missoula, the plaintiff Alberta R. Kronen had her hair done at The Hair Bender beauty salon. She had never visited the shop before. The Hair Bender had a linoleum covered floor area for washing, cutting and styling and an elevated carpeted area towards the back of the shop where there were five hair dryers. The carpeted area was one step higher than the linoleum area of the shop.
Carol Bell, an employee of the defendant, washed and set appellant’s hair and accompanied her up the step to the carpeted drying area. The plaintiff sat under a hair dryer for forty-five minutes after which plaintiff was motioned to the front of the shop by Bell. In her deposition, the plaintiff *210 described an accident as follows:
. . [T]hen when I was dry, I got out from under the hairdryer and walked toward the chair, operator’s chair, and the step down from the dryer area just didn’t even see it, and fell just really on the linoleum, just fell, kind of twisting my leg apparently hard.” Deposition of Alberta Kronen, 11:14-18.
Regarding the steps visibility, the plaintiff explained:
“Q. You got up yourself, then, without waiting for her [Carol]?
“A. Yes.
“Q. And walked, prepared to walk down the step and that’s when you fell; is that correct?
o “A. Right, I didn’t really see the step. It seemed like the whole floor blended together.
“Q. But the one part was carpet and the one part was linoleum; is that correct?
“A. Right.
“Q. If you had been looking for it, you could see that there was a step there as you can in these photographs; is that correct?
“A. I think it’s more obvious going this direction toward the dryers that there is a step than it is when you are looking the other direction, as I remembered it.
“Q. You saw it more readily when you went up; is that correct?
“A. Yeah, right.
“Q. But it wasn’t something that was completely hidden from view?
“Q. What I’m asking is whether or not the step was completely hidden from your view.
“A. Well, it may not have been hidden. I just didn’t see it.” Deposition of Alberta Kronen, 26:15-27:21.
On October 12, 1977, plaintiff filed suit against the defendant seeking damages caused by the defendant’s alleged negligence. The plaintiff’s complaint alleged that she “had *211 no knowledge of, nor was she advised by the operator of the difference in said [floor] level.”
On July 11, 1983, the District Court granted the defendant’s motion for summary judgment ruling that the undisputed facts did not show that the defendant breached a duty of ordinary care to an invitee and that the plaintiff had failed to show that there was:
“a hidden danger in the area surrounding the step or any unsafe condition. Plaintiff had passed over the step once and therefore has knowledge of its existence and location.”
The plaintiff appeals, arguing the District Court erred in granting defendant’s motion for summary judgment because there existed genuine issues of material fact regarding defendant’s duty to warn plaintiff of a danger caused by the step in defendant’s beauty salon. Similarly, the plaintiff asserts there was a genuine issue of material fact concerning comparative negligence.
Summary judgment is never to be used as a substitute for trial if a factual controversy exists. Reaves v. Reinbold (Mont. 1980), 615 P.2d 896, 37 St.Rep. 1500. Summary judgment is only proper if the pleadings, deposition, answers to interrogatories and admissions on file show there is no genuine issue of material fact. Anderson v. Applebury (1977), 173 Mont. 411, 567 P.2d 951. The standard that an appellate court applies in reviewing a grant or denial of a motion for summary judgment is the same as that utilized by the trial court initially under Rule 56, M.R.Civ.P. — a summary judgment is proper when it appears “that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” 10 Wright, Miller and Kane, Federal Practice and Procedure, section 2716 p. 643.
In the case at bar, the relationship between appellant and respondent was one of invitor-invitee. The duty owed to a business invitee is to exercise ordinary care to have the premises reasonably safe and to warn the invitee of any hidden or lurking dangers. Rennick v. Hoover (Mont. *212 1980), 186 Mont. 167, 606 P.2d 1079, 37 St.Rep. 308; Regedahl v. Safeway Stores Inc. (1967), 149 Mont. 229, 425 P.2d 335. Section 343 A (1) Restatement (Second) of Torts (1965) provides:
“A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is know [sic] or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness.”
In the present case, there was no evidence presented of a hidden or lurking danger on the premises that the owner should have anticipated. The owner is entitled to assume that the invitee will see and observe that which would be obvious through reasonably expected use of an ordinary person’s senses. Demaree v. Safeway Stores, Inc. (1973), 162 Mont. 47, 508 P.2d 570.
The record before the District Court did not show that the respondent breached a duty of ordinary care to the appellant. Appellant did not come forth with evidence to show that there was a hidden danger or unsafe condition in the area surrounding the step. Appellant had passed over the step once and therefore had knowledge of its existence and location. She failed to see and observe that which would be obvious through reasonably expected use of an ordinary person’s senses. Accordingly, respondent did not have a duty to warn appellant of an obvious danger. Demaree, supra. The appellant had the burden of coming forward with evidence that would place a genuine issue of fact before the court. Rule 56(c), M.R.Civ.P.
In National Gypsum Co. v. Johnson (1979), 182 Mont. 209, 595 P.2d 1188, this Court said that a party opposing a motion for summary judgment may not rest upon the mere allegations or denials of his pleadings. The party’s response, by affidavits or otherwise as provided in the rule “. . . must set forth specific facts showing that there is a genuine issue for trial.” In Barich v. Ottenstror (1976), 170 Mont. 38, 550 P.2d 395, this Court held that conclusory or speculative *213 statements are insufficient to raise a genuine issue of material fact.
Appellant’s assertions that others had fallen down the step and that the step blended with the floor are not supported by the record. Appellant did not produce any additional evidence that would raise a genuine issue of material fact. If the appellant possessed such evidence she had the burden of producing it and could not rely on conclusory or speculative statements. National Gypsum Co., supra. Accordingly, the District Court properly determined that the appellant’s fall was due to her own negligence and there were no genuine issues of material fact concerning respondent’s duty to warn and respondent’s comparative negligence.
Affirmed.
MR. CHIEF JUSTICE HASWELL and MR. JUSTICE HARRISON concur.