No. 85-532

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

GAYLE L. KAISER,

        Plaintiff and Appellant,

  -vs-

TOWN OF WHITEHALL, MONTANA,

        Defendant and Respondent.

APPEAL FROM: District Court of the Fifth Judicial District,
In and for the County of Jefferson,
The Honorable Frank Davis, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Burgess, Joyce & Whelan; Thomas J. Joyce, Butte,
        Montana

    For Respondent:

        Harrison, Loendorf & Poston; James T. Harrison, Jr.,
        Helena, Montana

Submitted on Briefs: March 28, 1986

Decided: May 19, 1986

Filed: MAY 19 1986

_____
Clerk

Mr. Justice John C. Harrison delivered the Opinion of the Court.

This case comes on appeal from an order of the District Court of the Fifth Judicial District, Jefferson County, granting defendant Town of Whitehall summary judgment. We reverse the summary judgment of the District Court and remand this case for trial on the merits.

On May 25, 1983, the plaintiff, Gayle Kaiser ("Kaiser"), age 69, was walking to the Whitehall post office along with her unleashed dog. Kaiser lived several blocks from the post office and it was necessary for her to use a public sidewalk maintained by the Town of Whitehall in order to reach her destination. On this date, the weather was good and the ground was dry.

There existed on the northwest corner of the sidewalk where Kaiser was travelling a crack or break in the concrete of the sidewalk. The record indicates a section of the sidewalk had been heaved up by the roots of a large tree that was cut down prior to May 25, 1983, and a rise in the concrete was created. This break or crack in the sidewalk had existed for a considerable length of time and was known to exist by Kaiser.

As Kaiser approached the raised portion of the sidewalk from about half a block away, she observed the defect in the sidewalk ahead. However, as she approached the rise in the sidewalk, she began looking to the street in front of her for possible auto traffic in preparation for crossing the street. Kaiser subsequently stumbled and fell on the raised portion of the sidewalk as she walked over it. She did not see the break in the sidewalk as she walked over it, since she was

2

scanning the street ahead for traffic. As a result of her fall, Kaiser sustained injuries.

On March 16, 1984, Kaiser filed suit against the Town of Whitehall seeking damages for its alleged negligence in failing to maintain the public sidewalk in a reasonably safe condition. The Town of Whitehall filed its answer denying all of the allegations contained in Kaiser's complaint.

On September 5, 1985, the District Court granted the Town of Whitehall's motion for summary judgment ruling that the Town of Whitehall was not liable for Kaiser's injuries because "the [defective] condition of the sidewalk was known and obvious to the plaintiff" and "the defendant could not anticipate [the] harm resulting [to plaintiff] in the face of the knowledge and obviousness of the condition of the sidewalk." It is from this judgment that Kaiser appeals.

Kaiser, appellant, presents the following relevant issues for review by this Court:

(1) Do material issues of fact exist in this case that preclude summary judgment as a matter of law pursuant to Rule 56, M.R.Civ.P.?

(2) Is this Court's decision in Kronen v. Richter (Mont. 1984), 683 P.2d 1315, 41 St.Rep. 1312, binding authority on the courts of this state although only three Justices signed the majority opinion, one concurred, and three dissented, where the Montana Constitution, Art. VII, Sec. 3(1), provides that "[a] majority shall join in and pronounce decisions, which must be in writing?"

With regard to issue no. 1, both parties recognize the appropriate standard for granting summary judgment. As this Court stated in Kronen v. Richter (Mont. 1984), 683 P.2d 1315, 1317, 41 St.Rep. 1312, 1314:

3

> Summary judgment is never to be used as a substitute for trial if a factual controversy exists. Reaves v. Reinbold (Mont. 1980), 615 P.2d 896, 37 St.Rep. 1500. Summary judgment is only proper if the pleadings, depositions, answers to interrogatories and admissions on file show there is no genuine issue of material fact. Anderson v. Applebury (1977), 173 Mont. 411, 567 P.2d 951. The standard that an appellate court applies in reviewing a grant or denial of a motion for summary judgment is the same as that utilized by the trial court initially under Rule 56, M.R.Civ.P.--a summary judgment is proper when it appears "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." 10 Wright, Miller and Kane, Federal Practice and Procedure, section 2716 p. 643.

Further, the defendant correctly recognizes the burden of proof which is required in a summary adjudication. Initially the burden of proof must be carried by the moving party seeking summary judgment (Town of Whitehall). However, where the record discloses no genuine issue of material fact, the burden of proof shifts to the party opposing the motion, who must come forward with substantial evidence raising an issue of fact. Once the burden has shifted in this fashion, the party opposing the motion (Kaiser) is held to a standard of proof about equal to that initially imposed upon the moving party under Rule 56(c), M.R.Civ.P. Harland v. Anderson (1976), 169 Mont. 447, 548 P.2d 613; Kronen, 683 P.2d at 1318.

In light of the above standard and burden of proof, we hold Kaiser raised several genuine issues of material fact in this case. Therefore, summary judgment is not appropriate.

In Montana, the sidewalk is owned by the city. Steen v. Grenz (1975), 167 Mont. 279, 538 P.2d 16. The general rule has been and still is that the duty to keep a public

4

sidewalk in reasonable repair is on the city and when an accident occurs on a public sidewalk, liability, if any, attaches to the city. Steen, 538 P.2d at 18; State ex rel. J.C. Penny Co. v. District Court (1970), 154 Mont. 481, 465 P.2d 824. Further, the Town of Whitehall is a government entity in the State of Montana and is liable for its acts or omissions like an ordinary private party. Art. II, Sec. 18, Montana Constitution; § 2-9-101, MCA; and § 2-9-102, MCA.

Under Kronen, the duty owed by the Town of Whitehall to Kaiser and to the general public lawfully travelling on a public sidewalk is a duty to exercise ordinary care and to keep the premises (sidewalk) reasonably safe. Kronen, 683 P.2d at 1317; Cereck v. Albertson's Inc. (1981), 195 Mont. 409, 637 P.2d 509. This duty owed by the Town of Whitehall to Kaiser is now governed by this Court's recent decision in Limberhand v. Big Ditch Co. (Mont. 1985), 706 P.2d 491, 42 St.Rep. 1460. Limberhand basically held that the duty owed by a landowner to an injured party is whether the landowner exercised ordinary care under circumstances, regardless of the status of the injured party.

As noted in a recent article in the Montana Law Review, this Court has had conflicting standards of reasonable care to be exercised by landowners to people who come upon their land and are injured. Comment, Landowner Liability in Montana, 47 Montana L. Rev. 109 (1986). Our previous decisions focused upon three entrant categories--invitee, licensee and trespasser.

Our opinion in Corrigan v. Janney (Mont 1981), 626 P.2d 838, 38 St.Rep. 545, abandoned the entrant categories and applied a single standard of reasonable care under the circumstances. A later opinion that year, Cereck, supra,

5

appeared to be in conflict with our holding in Corrigan. Our recent opinion in Limberhand, supra, reaffirmed our holding in Corrigan and commits us to a single standard of care. Mr. Justice Sheehy writing for the Court noted: " . . . The test is always not the status of the injured party but the exercise of ordinary care in the circumstances by the landowner." Limberhand, 706 P.2d at 496. We note that the Limberhand case, like this case, came to the Court on summary judgment.

In relation to the legal duty owed by the Town of Whitehall to Kaiser described above, this Court also recently adopted § 343 A (1) Restatement (Second) of Torts (1965) which provides:

> A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness.

We agree with the District Court that § 343 A (1) is applicable to facts of this case, but we find the lower court disregarded some critical language found in the provision. The last part of the provision states ". . . unless the possessor should anticipate the harm despite such knowledge or obviousness." Justice Morrison in his specially concurring opinion in Kronen succinctly explained the effect of this last part of § 343 A (1):

> [A] duty may be owed though the condition is open and obvious if the landowner has reason to believe that despite the open and obvious nature of the condition, that injuries will nevertheless result.

Kronen, 683 P.2d at 1318.

We find that although the condition of the sidewalk was known and obvious to Kaiser, a question of fact still remains

6

as to whether or not the Town of Whitehall should have anticipated that someone (i.e. Kaiser) would be injured as a result of the defective condition of the sidewalk. The record shows the cracked and broken condition of the sidewalk had persisted for some time and that it was indeed a hazard to passing pedestrians. At the very least, a jury question is raised as to whether the Town of Whitehall should have anticipated the harm resulting from the sidewalk's condition. Therefore, summary judgment is not appropriate.

It should be noted that although we hold the summary judgment of the District Court is reversed for the reasons explained above, a jury question is also present on the issue of whether the Town of Whitehall satisfied its legal duty owed to Kaiser. As discussed in the opinion above, the Town of Whitehall owed a legal duty to Kaiser to exercise ordinary care to keep its sidewalk reasonably safe. We note it is undisputed in the record that the sidewalk was in an extreme state of disrepair at the time of the accident. We hold this information concerning the condition of the sidewalk at the very least raises a material issue of fact as to whether or not the Town of Whitehall exercised ordinary care to keep the sidewalk "reasonably safe." As this Court recently stated: "[w]hat constitutes reasonably safe premises is generally considered to be a question of fact." Limberhand, 706 P.2d at 498.

In conclusion under this issue, we hold jury questions are present in this case on the issues of whether the Town of Whitehall should have anticipated that harm would be caused by the condition of the sidewalk despite the knowledge and obviousness of the condition, and whether the Town of Whitehall exercised ordinary care to keep the sidewalk

7

"reasonably safe." The probability that Kaiser will not prevail under these issues is no justification for granting summary judgment. It may appear that recovery is very remote, but that is not the standard. If there is a genuine issue of material fact, summary judgment is not appropriate. Rule 56(c), M.R.Civ.P. Here we have such a situation.

With regard to issue no. 2, we hold this Court's decision in Kronen, supra, is binding authority under the Montana Constitution although the majority opinion was only signed by three Justices, with one Justice specially concurring, and three Justices dissenting. The Montana Constitution provides that "[a] majority [of the Supreme Court] shall join in and pronounce decisions, which must be in writing." Montana Constitution Art. VII, Sec. 3(1). Kaiser contends that because a majority of the members of this Court did not subscribe to the majority opinion in Kronen, the decision lacks precedential force upon the courts of this state. Kaiser further argues that it was unconstitutional for the District Court to adhere to Kronen, since the split character of the decision robs it of constitutional validity.

Kaiser's argument ignores a literal reading of the constitutional provision at issue and common sense. The Constitution does not say the majority of this Court must join in opinions; rather, it says the majority must join in and pronounce decisions. In reaching their decision, the members of this Court are not constitutionally required to achieve unanimity in their reasoning. The majority is merely required to agree on the result, as was done in Kronen. The argument made by Kaiser ignores the text of the Constitution

8

itself.    Therefore, Kaiser's argument under this issue must
fail.

The summary judgment of the District Court is reversed
and this case is remanded for trial on the merits.

_____
                    Justice

We Concur:

_____
Chief Justice

_____

_____

_____

_____

_____
                    Justices

9