No. 89-117

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

RHONDA L. BLASKOVICH and MARK
BLASKOVICH,

        Plaintiffs and Appellants,

  -vs-

NOREAST DEVELOPMENT CORP., d/b/a COTTONWOOD
INN,

        Defendants and Respondents.

APPEAL FROM:  District Court of the Seventeenth Judicial District,
               In and for the County of Valley,
               The Honorable Leonard Langen, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Edward G. Beaudette, David M. McLean argued; Knight,
        Dahood, McLean & Everett, Anaconda, Montana

    For Respondent:

        Matthew W. Knierim argued, Glasgow, Montana

Submitted:  November 2, 1990

Decided:  April 10, 1990

Clerk

Justice Diane G. Barz delivered the Opinion of the Court.

Plaintiffs, Rhonda L. and Mark Blaskovich, brought this action against defendant Noreast Development Corp., d/b/a Cottonwood Inn, to recover damages for injuries incurred when Rhonda slipped and fell in the Cottonwood Inn's parking lot. The District Court of the Seventeenth Judicial District, Valley County, granted Noreast's motion for summary judgment. The Blaskoviches appeal. We affirm.

The following issues were raised on appeal.

1. Whether the District Court erred in granting defendant's motion for summary judgment;

2. whether a property owner is liable for injuries sustained by an individual who slips and falls as a result of natural accumulations of snow and ice located on the property owner's premises;

3. whether the District Court erred by not striking defendant's supplemental affidavits that were filed after the submission of the motion for summary judgment.

On February 12, 1986, Rhonda L. Blaskovich and her husband, Mark, attended a mid-morning meeting at the Cottonwood Inn. The Cottonwood Inn, owned and operated by Noreast Development Corp., is a motel, restaurant and convention center located in Glasgow, Montana. The inn is surrounded by a sidewalk and a paved asphalt parking lot which are also owned by Noreast. At approximately 11:30 a.m., the meeting ended and the Blaskoviches left the inn. As Rhonda stepped off the sidewalk and onto the parking lot she

slipped and fell, fracturing her leg in four places.

February 12, 1986--the day of the accident--was a cold and clear day. At the time of the accident, no pavement was showing through the snowpacked parking lot and a light dusting of snow covered the snowpack. On January 17, 1986, approximately four weeks prior to the accident, the parking lot had been sanded and on January 31, 1986, the parking lot had been plowed. The climatological report from the weather bureau indicated that 1.3 inches of snow fell in the area between January 31, 1986 and February 12, 1986, the day of the accident. The lot was plowed again on February 16, 1986, four days after the accident and a small amount of snow was removed.

The Blaskoviches brought this action against Noreast, alleging negligence in the maintenance of its parking lot. Rhonda sought damages that resulted from her physical injuries and Mark sought damages for loss of consortium. Noreast filed a motion for summary judgment. The District Court granted summary judgment in favor of Noreast. The Blaskoviches appeal, raising three issues.

The first issue this Court will address on appeal is whether the District Court erred in granting Noreast's motion for summary judgment.

Summary judgment is appropriate when no genuine issue exists as to any material fact and the moving party is entitled to judgment as a matter of law. Rule 56(c), M.R.Civ.P. The burden first rests with the party moving for summary judgment to demonstrate that a genuine issue of material fact does not exist.

Once this is established, the burden shifts to the party opposing the motion to demonstrate otherwise. Rule 56(e), M.R.Civ.P.; State Med. Oxygen and Supply, Inc. v. American Med. Oxygen Co. (Mont. 1989), 782 P.2d 1272, 1275, 46 St.Rep. 1951, 1955; Rumph v. Dale Edwards, Inc. (1979), 183 Mont. 359, 365-66, 600 P.2d 163, 167. In addition to establishing that no genuine issue of material fact exists, the moving party must also establish that it is entitled to judgment as a matter of law. Rule 56(c), M.R.Civ.P.

The facts are undisputed that February 12, 1986, was a clear and cold day; that at approximately 11:30 a.m. on February 12, 1986 the Blaskoviches were leaving the Cottonwood Inn when Rhonda Blaskovich slipped and fell on the inn's parking lot, fracturing her leg; that 1.3 inches of snow fell from the last time the lot was plowed until the day of the accident; and that the manager of the inn examined areas of the parking lot, but not the precise area where Rhonda fell. In light of these undisputed facts, Noreast met its burden under Rule 56(c), M.R.Civ.P., in demonstrating that a genuine issue of material fact did not exist. The burden then shifted to the Blaskoviches to demonstrate otherwise. Rule 56(e), M.R.Civ.P., specifically provides that an adverse party to a motion for summary judgment

> may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

The Blaskoviches' argument merely reiterates the facts that Noreast

did not plow or sand the parking lot during the twelve days preceding Rhonda's accident and that the inn's manager did not examine the precise area where Rhonda fell. As already stated, these facts are undisputed.

In addition to establishing that no genuine issue of material fact exists, Noreast must also establish that they are entitled to judgment as a matter of law. Rule 56(c), M.R.Civ.P. In the present case, the District Court relied upon Luebeck v. Safeway Stores, Inc. (1968), 152 Mont. 88, 446 P.2d 921 and Cereck v. Albertson's, Inc. (1981), 195 Mont. 409, 637 P.2d 509, as the applicable law in this case. In particular, the court relied upon the holding in Luebeck which stated that when "danger created by the elements such as the forming of ice and the falling of snow are universally known, or as here, actually known, there is no liability." Luebeck, 152 Mont. at 93, 446 P.2d at 924. The District Court then found that Noreast met its burden in establishing that no genuine issue of material fact existed; that the Blaskoviches failed to meet their burden of demonstrating that a genuine issue of material fact did exist; and that as a matter of law, Noreast was entitled to summary judgment.

We affirm the District Court's determination that Noreast was entitled to summary judgment as a matter of law, however, we do so on different grounds. In asserting that Noreast was negligent, the Blaskoviches must establish that Noreast had a duty to the Blaskoviches, that Noreast breached that duty, that Rhonda sustained damages, and that her damages or injury were proximately

5

caused by Noreast's breach of its duty. Clark v. Norris (1987), 226 Mont. 43, 48, 734 P.2d 182, 185.

As previously stated, the facts pertaining to this case are undisputed. Rhonda stepped off the sidewalk and onto the inn's parking lot where she slipped and fell, fracturing her leg in four places. However, the mere happenstance of an accident does not impute negligence. Clark, 288 Mont. at 48, 734 P.2d at 185. Noreast clearly has a duty to its patrons--such as the Blaskoviches--to use ordinary care in maintaining its premises in a reasonably safe condition or to warn the Blaskoviches of any hidden or lurking dangers. Luebeck, 152 Mont. at 90, 446 P.2d 922-23. The Blaskoviches must also demonstrate that Noreast breached that duty, that they suffered injury as a result of that breach and that the injury was proximately caused by the breach. The Blaskoviches failed to establish that Noreast breached its duty of exercising ordinary care in maintaining its premises in a reasonably safe condition and that this breach was the proximate cause of Rhonda's injury. The Blaskoviches are not expected to bring in all their evidence at this juncture, however, as already stated, they cannot rely upon the fact that Rhonda slipped and fell to establish two elements of their case. As Rule 56(e), M.R.Civ.P., clearly provides, the Blaskoviches may not rest upon their pleading, but must set forth an affidavit or other specific facts showing that a genuine issue for trial exists. The Blaskoviches failed to follow this mandate of Rule 56(e), M.R.Civ.P. Therefore, in light of the present set of facts, we

6

must affirm the District Court's decision to grant Noreast's motion for summary judgment.

The second issue raised on appeal is whether a property owner is liable for injuries sustained by an individual who slips and falls as a result of natural accumulation of snow and ice located on the property owner's premises.

In light of the disposition of the first issue, this Court does not need to address this question.

The last issue raised on appeal is whether the District Court erred by not striking Noreast's supplemental affidavits that were filed after the submission of the motion for summary judgment.

Noreast filed its motion for summary judgment on October 28, 1988. On January 16, 1989, the motion was submitted to the court. On January 26, 1989, the District Court issued its order granting Noreast's motion for summary judgment. On the same day--January 26, 1989--Noreast filed supplemental affidavits in support of its motion for summary judgment. The Blaskoviches argue that the supplemental affidavits "tainted" the record in favor of Noreast and that the District Court should have granted their motion to strike and remove the supplemental affidavits at that time. We disagree.

Rule 56(e), M.R.Civ.P., addresses supporting and opposing affidavits in regards to a motion for summary judgment. In particular, this rule provides that a "court may permit affidavits to be supplemented or opposed by . . . further affidavits." Rule 56(e), M.R.Civ.P. In light of this rule, the District Court did

not err by denying the Blaskoviches' motion to strike and remove the supplemental affidavits.

Affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

8

Justice John C. Sheehy, dissenting:

By this Opinion, the majority demonstrate once again their inability to appreciate that, where a jury trial has been demanded, the jury, and not the District Court nor this Court, should determine whether the landowner acted reasonably to avoid physical harm to persons foreseeably coming upon the premises.

There can be no quarrel with the majority that the facts as developed so far are undisputed. The quarrel lies in the assumption by the majority that on the undisputed facts, no duty of care arose from the landowner to Rhonda. The District Court likewise relied on Luebeck v. Safeway Stores, Inc. (1968), 152 Mont. 88, 446 P.2d 921, and Cereck v. Albertson's, Inc. (1981), 195 Mont. 409, 637 P.2d 509, to reach that assumption. The majority have ignored the issue of law raised by the plaintiffs in this case without discussing the movement of this Court away from the decisions in Luebeck and Cereck.

In fact, the majority have ignored a portion of the Cereck decision that should have raised a flag here as to the duty of the property owner:

> A property owner may be held liable for falls on accumulations of ice and snow where the hazard created by the natural accumulation is increased or a new hazard is created by an affirmative act of the property owner; even where such a condition is actually known or obvious, a property owner may be held liable if he should have anticipated that injuries would result from the dangerous condition. (Emphasis added.)

637 P.2d at 511.

Justice Morrison, in Cereck, concurring specially, stated:

> The majority opinion confines property owner liability for natural accumulation of ice and snow to those situations where the property owner has increased or changed the hazard through some affirmative act. I would adopt § 343A.(1) Restatement (Second) of Torts (1965) which provides as follows:
>
> > A possessor of land is not liable to his invitees for physical harm caused to them by any activity or

9

> condition on the land whose danger is known or
> obvious to them, unless the possessor should
> anticipate the harm despite such knowledge or
> obviousness."

Admittedly, the Restatement rule is applicable to
invitees. However, though I would not recognize status
in "land possessor's liability," I feel the rule to be
applicable to facts such as those at bar.

637 P.2d at 512.

> The concurring opinion of Justice Morrison further stated:

> In my opinion, the restrictive ratio decidendi of this
> case is inadequate to meet situations such as failure to
> plow. If the parking lot in question had not been
> maintained in any fashion, and snow were allowed to
> accumulate so that customers were required to wade
> through knee deep snow, no duty would be owed by the
> possessor under the rule adopted by the majority. Those
> who do nothing incur no liability. Those who plow their
> parking lots are exposed.

> I believe such a restrictive duty does not adequately
> recognize the responsibilities owed by the business
> community, does not adequately protect a public dependent
> upon the services provided by that community, and does
> not promote sound public policy.

> For the foregoing reasons, I concur in the result, but
> would adopt different legal principles to sustain the
> same outcome.

637 P.2d at 512.

In Kronen v. Richter (1984), 211 Mont. 208, 683 P.2d 1315,
this Court adopted § 343A(1) Restatement (Second) of Torts (1965)
saying:

> In the case at bar, the relationship between appellant
> and respondent was one of invitor-invitee. The duty owed
> to a business invitee is to exercise ordinary care to
> have the premises reasonably safe and to warn the invitee
> of any hidden or lurking dangers. (Citing cases.)
> Section 343A(1) Restatement (Second) of Torts (1965)
> provides:

>> "A possessor of land is not liable to his invitees
>> for physical harm caused to them by any activity or
>> condition on the land whose danger is known or

10

obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness."

683 P.2d 1317.

In Kaiser v. Town of Whitehall (1986), 221 Mont. 322, 718 P.2d 1341, this Court reversed a summary judgment in favor of the Town of Whitehall where the plaintiff stumbled over a public sidewalk where the concrete was raised and the raised portion was obvious. Writing for the majority, Justice Harrison stated:

> We agree with the District Court that § 343A(1) is applicable to the facts of this case, but we find the lower court disregarded some critical language found in the provision. The last part of the provision states:
>
> ". . . unless the possessor should anticipate the harm despite such knowledge or obviousness."

Justice Morrison in his specially concurring opinion in Kronen succinctly explained the effect of this last part of § 343A(1):

> [A] duty may be owed though the condition is open and obvious if the landowner has reason to believe that despite the open and obvious nature of the condition, that injuries will nevertheless result.

Kronen, 683 P.2d at 1318.

> We find that although the condition of the sidewalk was known and obvious to Kaiser, a question of fact still remains as to whether or not the Town of Whitehall should have anticipated that someone (i.e. Kaiser) would be injured as a result of the defective condition of the sidewalk. The record shows the cracked and broken condition of the sidewalk had persisted for some time and that it was indeed a hazard to passing pedestrians. At the very least, a jury question is raised as to whether the Town of Whitehall should have anticipated the harm resulting from the sidewalk's condition. Therefore, summary judgment is not appropriate.

718 P.2d at 1343-44.

Under the undisputed facts of the case now before us, the landowner neither plowed nor sanded the icy parking lot for at least 12 days, and made no inspection of the premises to ascertain

11

any danger to the patrons on the parking lot. Is it not a jury question that he should have anticipated the harm that occurred to Rhonda? Did the landowner in the circumstances manage his properties in the exercise of ordinary care?

Rhonda, coming upon the premises to attend a mid-morning meeting in the business premises of the defendant, was an invitee. Section 343A of Restatement (Second) of Torts concerns itself with the duty of landowners owed to invitees. That status, however, is not important after our holding in Limberhand v. Big Ditch Co. (1985), 218 Mont. 132, 706 P.2d 491. In Limberhand, we stated:

> . . . In Corrigan v. Janney (Mont. 1981), 626 P.2d 838, 841, in construing § 27-1-701, MCA, . . . we held that the statute prevented us from distinguishing between social guests and invitees in determining the liability of the landowner for injuries received. We regard the same statute as declaring the applicable law as to the duty of landowners to persons though they may be trespassers. The test is always not the status of the injured party but the exercise of ordinary care in the circumstances by the landowner. The statute provides:
>
> > Everyone is responsible not only for the result of his willful acts but also for an injury occasioned to another by his want of ordinary care or skill in the management of his property or person except so far as the latter has willfully or by want of ordinary care brought the injury upon himself.
>
> Section 27-1-701, MCA.
>
> Although in a later case, Cereck v. Albertson's, Inc. (1981), 195 Mont. 409, 412, 637 P.2d 509, 511, we stated that the duty imposed on the property owner depends on the status of the injured party, that statement is not correct in the light of § 27-1-701, MCA, above quoted.

706 P.2d at 496.

In Kaiser v. Town of Whitehall, above, we affirmed that the categories of invitee, licensee and trespasser are not to be regarded, and that the test is always not the status of the injured party, but the exercise of ordinary care in the circumstances by the landowner. 718 P.2d at 1343.

12

Because we have moved away from the categories of invitee, licensee, and trespasser, this Court should apply § 343A(1) of Restatement (Second) of Torts to the rights of any person foreseeably upon the land who is injured.

The majority opinion contains no reference to the cases subsequent to Luebeck and Cereck, and understandably so, because otherwise the majority would have to reach a different result. The majority opinion contains no reference to § 343A of Restatement (Second) of Torts, though this dissent has been before the majority since November 2, 1989. The conflict between this holding and the cases of Limberhand, Kaiser, and Kronan is not discussed or explained. The majority opinion is a pursuit of head-in-sand methodology.

In a slip and fall case, this Court should not itself slip and fall but occasionally we do. I would reverse this case and remand it for a determination by a jury as to whether under the undisputed facts a duty of care rested on the landowner to act reasonably so as to prevent physical harm to Rhonda.

_____
                Justice

I concur with the foregoing dissent.