JUSTICE SHEEHY,
specially concurring:
I concur in the foregoing opinion. I want to speak my admiration of the judicial sleight-of-hand by which the majority reach a proper result in a slip-and-fall-on-snow case without mentioning Restatement (Second) of Torts, § 343(A)(1) (1965), nor Kronen v. *74 Richter (1984), 211 Mont. 208, 683 P.2d 1315, nor Kaiser v. Town of Whitehall (1986), 221 Mont. 322, 718 P.2d 1341, nor Limberhand v. Big Ditch Company (1985), 218 Mont. 132, 706 P.2d 491, nor differentiating Blaskovich v. Noreast Development Corporation, Cause No. 89-117 (Decided April 10, 1990), [242 Mont. 326], [47 St.Rep. 740,] 790 P.2d 977.
The approval by this Court in this Opinion of plaintiff’s instruction No. 30, set out in the Opinion, is an approval of at least a part of §343(A)(1) of the Restatement in the following:
“A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness.”
Lesson: Aslip and fall case may yet have life, even after Blaskovich.