No. 93-642

IN THE SUPREME COURT OF THE STATE OF MONTANA

1994

CATHERINE J. COOPER,

     Plaintiff and Appellant,

-vs-

SISTERS OF CHARITY OF LEAVENWORTH
HEALTH SERVICES CORPORATION, and
ST. JAMES COMMUNITY HOSPITAL, INC.,

     Defendants and Respondents.

**FILED**

MAY 25 1994

*Ed Smith*

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Second Judicial District,
In and for the County of Silver Bow,
The Honorable James E. Purcell, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        John Leslie Hamner, Attorney at Law,
        Butte, Montana

    For Respondents:

        Brendon J. Rohan; Poore, Roth & Robinson,
        Butte, Montana

Submitted on Briefs:  April 21, 1994

Decided:  May 25, 1994

Filed:

_____
             Clerk

Justice John Conway Harrison delivered the Opinion of the Court.

Catherine J. Cooper (Cooper) appeals an order of the Second Judicial District Court, Silver-Bow County, which granted summary judgment to the Sisters of Charity of Leavenworth Health Services Corp. and St. James Community Hospital, Inc. (St. James). We affirm.

On the morning of July 17, 1991, Cooper--then 80 years old--travelled to St. James to visit her daughter. Cooper parked her car behind the hospital and was walking toward the hospital when her right foot caught on something and caused her to fall. Cooper fell against the hospital's sidewalk and broke her arm. Cooper was not certain what she had caught her foot on, however, she maintained that her soft-soled shoes became "wedged" between the grate and the sidewalk or between the grate's bars, causing her to fall to the sidewalk. The sewer drain grate bars are situated parallel to the flow of pedestrian traffic and the bars are square and elevated above the grate's frame.

Cooper filed her complaint on November 18, 1992, alleging that St. James was negligent in its construction, maintenance and repair of its sidewalk, driveway and drain grate located at the rear entrance of the hospital. She asserted that St. James knew or should have known that the uneven conditions of the walkway, pavement, adjoining grill and the grate's bars--which were raised and parallel to the flow of pedestrian traffic--constituted a danger.

2

St. James answered the complaint and generally denied that it was negligent or that it caused her injuries. St. James then conducted discovery to determine the factual basis of Cooper's claim. Cooper did not conduct discovery nor did she obtain experts to support her claim that St. James was negligent in the construction, maintenance and repair of the sidewalk, pavement and drain grate.

Based on Cooper's deposition and Cooper's responses to interrogatories, St. James filed a motion for summary judgment on October 12, 1993. Cooper opposed the motion and submitted an affidavit signed by herself and her ex-husband.

The District Court granted St. James summary judgment on the basis that the hospital had no duty to warn Cooper of the storm drain grate because the condition of the grate, pavement and sidewalk was obvious to anyone who looked and Cooper, in fact, testified by deposition that she had noticed the condition of the grate, pavement and sidewalk prior to her fall. Cooper appeals and presents one issue:

Did the District Court err by granting St. James summary judgment on the basis that St. James had no duty to warn Cooper of the open and obvious danger presented by the storm drain grate, pavement and sidewalk?

Our standard of review on a grant of summary judgment is identical to that of the trial court's. Minnie v. City of Roundup (1993), 257 Mont. 429, 431, 849 P.2d 212, 214. We examine the record to determine whether genuine issues of material fact exist.

3

<u>Minnie</u>, 849 P.2d at 214. If no genuine issues of fact exist, we must determine whether the moving party is entitled to judgment as a matter of law. <u>Minnie</u>, 849 P.2d at 214.

Initially the moving party has the burden to establish that no genuine issues of material fact exist. <u>Minnie</u>, 849 P.2d at 214. Here, St. James established that no genuine issues of material fact existed: Cooper testified that as she approached the rear door to the hospital, she saw a nurse come out of the door. The nurse spoke to her. Cooper looked up to say hello and she caught her right foot on something and fell. Cooper could see the sidewalk curb and she realized she needed to step up onto the sidewalk. She also saw the sewer grate "quite a ways before [she] got to it . . . ." Cooper was also familiar with the area where she fell, having passed over the area three or four times prior to the accident.

Once the moving party establishes that no genuine issues of material fact exist, the burden shifts to the non-moving party to prove that a genuine issue of material fact exists. <u>Minnie</u>, 849 P.2d at 214. "To meet this burden, the non-moving party must proffer substantial evidence . . . ." First Security Bank of Bozeman v. Jones (1990), 243 Mont. 301, 303, 794 P.2d 679, 681.

Cooper, in support of her contention that material issues of fact existed, submitted a compound affidavit signed by herself and her ex-husband, Earl C. Cooper. Rule 56(e), M.R.Civ.P., requires a summary judgment affidavit to contain certain elements:

> [A]ffidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. . .

4

> [A]n adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits . . . must set forth specific facts showing that there is a genuine issue for trial.

Here, the affidavit is signed by both Cooper and her ex-husband and the affidavit does not specify which statements are based on Cooper's personal knowledge and which statements are based on her ex-husband's personal knowledge. Further, most of the alleged "facts" in Cooper's affidavit are only "opinions." No foundation was presented to establish either Cooper or her ex-husband as an expert in the construction, maintenance or placement of walking surfaces or sewer grates. Accordingly, neither Cooper nor her ex-husband could offer expert opinions to establish that the walking surface and the sewer grate were defective and dangerous. That testimony would not be admissible as evidence since "the affiant[s are not] competent to testify to the matter stated therein." Rule 56(e), M.R.Civ.P. Since Cooper's compound affidavit does not comply with the requirements of Rule 56(e), M.R.Civ.P., we conclude, as a matter of law, that Cooper's affidavit does not raise a genuine issue of material fact.

Cooper failed to identify an uneven slope, defect or irregularity in the walking surface. She failed to prove that the construction or maintenance of the walking surface contributed to her fall. Cooper admitted that she could not identify any "defect" that caused her fall. In fact, in responding to an interrogatory about the defective condition or irregularity of the walking surface, Cooper responded:

5

> At the time [Cooper] fell, she felt her foot catch on the walking surface. The walking surface created by the grate and surrounding pavement is uneven. The surprise and suddenness of her fall precludes [Cooper] from knowing precisely which defect in the walking surface of the grate and surrounding pavement caught her shoe and caused her fall. Inspection should reveal all irregularities and defects of such walking surface.

Cooper also responded to an interrogatory that inquired about the acts or omissions which she alleged constituted negligence in the construction, maintenance and repair of the sidewalk, driveway and drain grill. She stated:

> [St. James] is better aware than [Cooper] as to specific details regarding construction, maintenance and repair of its sidewalk where [Cooper] fell. [St. James] . . . admits control and possession of the hospital properties, which includes the area where [Cooper] fell. Further details about the specific causes of the uneven walking surface created by the grate and surrounding pavement will be furnished by [Cooper] as those facts are developed in discovery.

Cooper, however, failed to submit discovery and, thus, she failed to present specific evidence to create a factual dispute as to St. James' negligence and the alleged defects of the walking surface.

Even though Cooper speculated that her shoe may have become "wedged" between the bars of the sewer grate, it is well settled that "[m]ere conclusory or speculative statements are insufficient to raise a genuine issue of material fact." Lueck v. United Parcel Service (1993), 258 Mont. 2, 9, 851 P.2d 1041, 1045. Moreover, even if she would have proved that her shoe became wedged between the bars of the sewer grate, that fact simply does not show that the walking surface was defective or improperly maintained.

Cooper has failed to raise a genuine issue of material fact that the walking surface was defective or improperly maintained.

6

Accordingly, we must examine whether St. James was entitled to judgment as a matter of law.

It is well established that a business owner must use ordinary care to keep its premises reasonably safe and warn people of any hidden or lurking dangers. Kronen v. Richter (1984), 211 Mont. 208, 211, 683 P.2d 1315, 1317. In Kronen, a woman slipped and fell in a beauty shop when she failed to see a "step-down" from a carpeted level to a vinyl floor. The woman admitted that the step was visible but she claimed that it seemed like the entire floor "blended together." We upheld the district court's grant of summary judgment to the defendant and stated that the woman did not prove that there was a hidden danger or unsafe condition in the area surrounding the step. Kronen, 683 P.2d at 1318. She had passed over the step before and was aware of its existence. "She failed to see and observe that which would be obvious through reasonably expected use of an ordinary person's senses." Kronen, 683 P.2d at 1318. We held that the beauty shop owner had no duty to warn the woman of the obvious danger presented by the step. Kronen, 683 P.2d at 1318.

Similarly, here, Cooper admitted that she noticed the drain grate from a considerable distance and knew the drain grate was in her path. Cooper failed to show that the drain grate presented an unsafe condition or hidden danger. An ordinary person reasonably using her senses would have discovered any danger presented by the drain grate. However, Cooper did not see and observe any danger which the drain grate presented.

7

Cooper failed to prove that the drain grate was unsafe or that the drain grate presented a hidden or lurking danger. On that basis, we conclude that St. James was entitled to judgment as a matter of law. We hold that the District Court properly granted St. James summary judgment.

Affirmed.

<br>

_____
Justice

We concur:

_____
_____
_____
_____
Justices

8

May 25, 1994

CERTIFICATE OF SERVICE

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:


JOHN LESLIE HAMNER
Attorney at Law
P.O. Box 3334
Butte, MT 59702

Brendon J. Rohan
POORE, ROTH, & ROBINSON
1341 Harrison Ave.
Butte, MT 59702-4898

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
Deputy