No. 93-629

IN THE SUPREME COURT OF THE STATE OF MONTANA

1995

CHARLES M. BICKENHEUSER,

      Plaintiff and Appellant,

v.

ANNABETH M. FELSMAN, individually and as an
employee of the Department of Family Services,

      and

STATE OF MONTANA,

      Defendants and Respondents.

FILED

FEB 23 1995

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Fourth Judicial District,
                In and for the County of Missoula,
                The Honorable John S. Henson, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

            Charles M. Bickenheuser, Pro Se,
            Missoula, Montana

      For Respondent:

            Hon. Joseph P. Mazurek, Attorney General,
            Kelly M. O'Sullivan, Assistant Attorney General,
            Agency Legal Services Bureau, Helena, Montana

Submitted on Briefs:  December 1, 1994

Decided:  February 23, 1995

Filed:

_____
             Clerk

Justice William E. Hunt, Sr., delivered the opinion of the Court.

Appellant Charles M. Bickenheuser, appearing pro se, appeals from an order of the Fourth Judicial District Court, Missoula County, granting summary judgment in favor of respondents Annabeth M. Felsman and the State of Montana and striking the affidavits in opposition to summary judgment.

Affirmed.

Appellant raises the following issues:

1. Did the District Court err in granting respondents' motion to strike?

2. Did the District Court err in granting respondents' motion for summary judgment?

Felsman was employed by the Department of Family Services as a child protective services worker. On December 13, 1990, Felsman received a referral of suspected child abuse of T.B., an eight-year-old boy living with his foster parents, Bickenheuser and his wife. On the same day, Felsman began her investigation of the alleged abuse. Felsman interviewed and took photographs of T.B. She also interviewed Bickenheuser and his wife, who claimed that they no longer wanted T.B., and that they wanted to close their foster care license. Felsman determined that Bickenheuser had grabbed T.B. by the jaw with sufficient force to leave marks on the child's face. T.B. was subsequently removed from the Bickenheuser home.

Felsman notified Missoula County Detective Hintz of her investigation of the alleged abuse. Detective Hintz conducted a criminal investigation simultaneously with Felsman's civil investigation. Because T.B. had been removed from the Bickenheuser home, Felsman closed her civil investigation and reported to the Department of Family Services, concluding that the abuse to T.B. had been substantiated.

Detective Hintz interviewed T.B. on December 17, 1990, and Bickenheuser on December 18, 1990. On February 28, 1991, the Missoula County Attorney's Office filed misdemeanor assault charges against Bickenheuser in justice court alleging that Bickenheuser grabbed T.B.'s jaw with sufficient force to leave bruises on either side of T.B.'s face. The charges against Bickenheuser were subsequently dismissed for failure to prosecute, and the record was expunged on motion of Bickenheuser.

On November 19, 1992, Bickenheuser filed suit against Felsman and the State of Montana, alleging Felsman recommended that he be prosecuted for misdemeanor assault because Felsman was concerned that she or the Department of Family Services would be sued for negligently placing T.B. with the Bickenheusers. Bickenheuser also alleged violations of his state and federal constitutional right to free speech, due process, and equal protection.

On January 5, 1993, the District Court dismissed the federal constitutional claims against Felsman and the State, but denied Felsman's motion to dismiss the state constitutional tort claims.

3

On June 15, 1993, the District Court granted Felsman's motion for summary judgment and struck two affidavits in opposition.

Bickenheuser appeals the District Court's order granting respondents' motion to strike and their motion for summary judgment.

## ISSUE 1

Did the District Court err in granting respondents' motion to strike?

A district court's decision whether to consider an affidavit in support of, or in opposition to, a motion for summary judgment is governed by Rule 56(e), M.R.Civ.P., which provides in pertinent part that:

> [S]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.

Bickenheuser and his attorney for the misdemeanor assault charge filed affidavits in opposition to respondents' motion for summary judgment. The District Court found that the attorney's affidavit contained hearsay and inadmissible comments on the evidence. The District Court found that Bickenheuser's affidavit contained matters which were irrelevant and outside the personal knowledge of the affiant. As a result, the District Court ordered both affidavits stricken.

A review of the record shows that the attorney's affidavit consists almost exclusively of hearsay. In paragraphs 1 and 2, the

4

affiant offers alleged statements made by Felsman to Detective Hintz and County Attorney Deschamps, which were subsequently related to the attorney by Hintz and Deschamps, as evidence to prove the truth of the assertion that Felsman was concerned that she was going to be sued. These statements are not based on personal knowledge, and are hearsay. Rule 801(c), M.R.Evid. Similarly, Bickenheuser's affidavit lacks personal knowledge, contains hearsay, and offers statements not related to the issue on which summary judgment was granted. We have held that an affidavit in support of or in opposition to a motion for summary judgment should be stricken by the district court when the affidavit contains statements not based on personal knowledge, and/or not related to the issue on which summary judgment is granted. Eberl v. Scofield (1990), 244 Mont. 515, 519, 798 P.2d 536, 538; see also Thornton v. Songstad (1994), 236 Mont. 390, 399, 868 P.2d 633, 638.

We conclude that the affidavits do not meet the requirements of Rule 56(e), M.R.Civ.P., and fail to properly raise the disputed issues of material fact that Bickenheuser claims were central to his case. We hold, therefore, that the District Court did not err in granting respondents' motion to strike the affidavits of Bickenheuser and his attorney.

## ISSUE 2

Did the District Court err in granting respondents' motion for summary judgment?

5

"Our standard of review on a grant of summary judgment is identical to that of a trial court's." Cooper v. Sisters of Charity (1994), 265 Mont. 205, 207, 875 P.2d 352, 353. Summary judgment is only proper when there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Rule 56(c), M.R.Civ.P.; Spain-Morrow Ranch, Inc. v. West (1994), 261 Mont. 441, 442, 872 P.2d 330, 332. The burden of proof rests with the party seeking summary judgment to provide the court with evidence which excludes any real doubt as to the existence of a genuine issue of fact. Berens v. Wilson (1990), 246 Mont. 269, 271, 806 P.2d 14, 16. Only after the moving party has met this burden of proof does the burden shift to the nonmoving party to show that a genuine issue of fact exists. Morton v. M.W.M., Inc. (1994), 263 Mont. 245, 249, 868 P.2d 576, 579. "When raising the allegations that disputed issues of fact exist, the nonmoving party has an affirmative duty to respond by affidavits or other sworn testimony containing material facts that raise genuine issues; conclusory or speculative statements will not suffice." Koepplin v. Zortman Mining (Mont. 1994), 881 P.2d 1306, 1309, 51 St. Rep. 881, 882.

Bickenheuser filed a tort action against respondents, alleging that Felsman recommended prosecuting Bickenheuser because she feared Bickenheuser would sue for negligent placement of T.B. Once Felsman received the referral of suspected child abuse from T.B.'s school, she had a statutory duty under § 41-3-202(1) and (3), MCA,

6

to investigate the allegations and advise the county attorney of the investigation. There is nothing in the record to show that when Felsman informed Deputy Missoula County Attorney, Anderson of her investigation that she made any recommendation as to what his charging decision should be. Anderson testified that he would not have accepted any such recommendation had she made one. Anderson did not file criminal charges against Bickenheuser. Misdemeanor assault charges were filed against Bickenheuser by County Attorney Robert Deschamps. Deschamps testified that his charging decision was based on his review of Anderson's internal memoranda and the investigation file prepared by the Missoula County Sheriff's Office and was undertaken in the exercise of his independent, prosecutorial discretion. Felsman testified that Deschamps did not speak with her or review her investigation files prior to charging Bickenheuser.

Following the defense's presentation of the foregoing testimony, the burden shifted to Bickenheuser to establish a genuine issue of fact. In Issue 1, we determined that the affidavits of Ranney and Bickenheuser did not meet the requirements of Rule 56(e), M.R.Civ.P., and were properly stricken. Therefore, Bickenheuser failed to meet his affirmative duty to respond by affidavit or other sworn testimony containing material facts that raise genuine issues. As there is no genuine issue of material fact, respondents are entitled to summary judgment as a matter of law.

7

We hold that the District Court did not err in granting respondents' motion for summary judgment.

Affirmed.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1988 Internal Operating Rules, this decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of the Supreme Court and by a report of its result to Montana Law Week, State Reporter and West Publishing Company.

_____
Justice

We concur:

_____

_____

_____

_____
Justices

February 23, 1995

## CERTIFICATE OF SERVICE

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:

CHARLES M. BICKENHEUSER
1105 Haaglund Dr. No. Six
Missoula, MT 59802

HON. JOSEPH P. MAZUREK
Kelly M. O'Sullivan
Agency Legal Services
Justice Bldg.
Helena, MT 59620-1402

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _A. Gallagher_
Deputy