No. 86-539

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

DENNY DRISCOLL BOYS HOME, a
Montana corporation and WILL
AND DAISY BRAISER BOYS RANCH,
a Montana corporation,

          Plaintiffs and Appellants,

   -vs-

THE STATE OF MONTANA; THE DEPARTMENT
OF SOCIAL AND REHABILITATION SERVICES
OF THE STATE OF MONTANA:  THE DEPARTMENT
OF THE ATTORNEY GENERAL OF THE STATE OF
MONTANA: THE DEPARTMENT OF JUSTICE OF THE
STATE OF MONTANA; MIKE GREELY; KEITH L.
COLBO and FRITZ BEHR,

          Defendants and Respondents.

APPEAL FROM:  District Court of the First Judicial District,
In and for the County of Lewis & Clark,
The Honorable Henry Loble, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Leonard J. Haxby, Butte, Montana

    For Respondent:

        John Maynard, Dept. of Administration, Tort Claims
        Div., Helena, Montana

Submitted on Briefs:  March 12, 1987

Decided:  June 4, 1987

Filed:  JUN 4 - 1987

*Ethel M. Harrison*

————————————————————————
               Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.


Plaintiffs appeal the order for summary judgment granted by the District Court, First Judicial District, County of Lewis and Clark. We affirm the District Court's order.

Plaintiffs Denny Driscoll Boys Home and Will and Daisy Braiser Boys Ranch, both Montana corporations, filed a libel action against defendants State of Montana, its agencies and agents for alleged libelous statements published in various Montana newspapers. Plaintiffs' sole issue on appeal is whether the District Court erred in granting summary judgment.

Under Rule 56(c), M.R.Civ.P., summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The moving party has the burden of making a clear showing of the complete absence of any genuine issue of material fact. Harland v. Anderson (1976), 169 Mont. 447, 450, 548 P.2d 613, 615. Kaiser v. Town of Whitehall (Mont. 1986), 718 P.2d 1341, 1342, 43 St.Rep. 846, 848. Once the moving party has met this initial burden of proof, the burden shifts to the party opposing the motion, who then must come forward with substantial evidence raising a genuine issue of material fact. Harland v. Anderson, 169 Mont. at 451, 548 P.2d at 615. Bare assertions and conclusory statements are not sufficient to defeat a motion for summary judgment. Small v. McRae (1982), 200 Mont. 497, 522, 651 P.2d 982, 995.

It appears that the allegations of libel stem from a letter written August 21, 1979 by Norma Vestre, Bureau Chief

of the Social Services Bureau, to Reverend J. F. Finnegan, director of the Home and Ranch corporations. The letter informed Rev. Finnegan that pursuant to Department of Justice investigations of alleged criminal activity at the Home, the Department of Social and Rehabilitation Services would not renew the licenses for the Home and the Ranch. The letter enumerated eight alleged criminal activities and several child care regulation violations which were under investigation. Carbon copies of the letter were sent to attorneys for Rev. Finnegan and the Home, the Director of SRS, and an SRS employee involved in the investigation.

As a result of the letter, the plaintiffs requested an administrative hearing on the nonrenewal. The SRS letter was admitted into evidence on September 28, 1979, by stipulation of the parties at a pre-hearing conference. The relicensure proceedings were subsequently dismissed in November, 1979, through the withdrawal of the license applications and the withdrawal of appearances by the Home and Ranch corporations.

The Home and Ranch corporations do not argue that the letter as sent to the six parties above or as admitted into evidence constitutes libel. Rather, they argue that newspaper articles which reported the investigations and allegations of criminal activity are based on statements made by the agents of the State of Montana.

All of the statements made directly by the agents of the State to the press acknowledged investigations were being conducted and charges would be filed against Rev. Finnegan. These were true statements. None of the agents' statements made reference to the eight specific criminal activities enumerated in the SRS letter. The mention of the alleged criminal activities which appeared in the newspaper articles was taken from the SRS letter which had been admitted into evidence at the administrative hearing. Under § 2-6-101,

- 3 -

MCA, the letter became a public writing upon being admitted into evidence on September 28, 1979. Under § 2-6-102, MCA, every citizen has a right to inspect and take a copy of public writing of this state. Further, affidavits submitted by state agents Judith H. Carlson, Fritz O. Behr, Keith L. Colbo and Mike Greely all state that no communication of specific criminal charges had been made by any state agent to the press or mass media.

Libel is defined by statute as "a false and unprivileged publication . . . which exposes any person to hatred, contempt, ridicule or obloquy or which causes him to be shunned or avoided or which has a tendency to injure him in his occupation." Section 27-1-802, MCA. A privileged publication includes one made in the proper discharge of an official duty. Section 27-1-804(1), MCA. Where a public officer is acting within the scope of his or her authority, his or her communication within that scope is privileged. Storch v. Board of Directors of the Eastern Montana Region Five Mental Health Center (1976), 169 Mont. 176, 182, 545 P.2d 644, 648 (citing Barr v. Matteo (1959), 360 U.S. 564, 571, 79 S.Ct. 1335, 1339, 3 L.Ed.2d 1434, 1441).

Based on the foregoing, we hold that plaintiffs did not sustain their burden of proof that genuine issues of material fact exist to be tried, and therefore defendants are entitled to judgment as a matter of law. All statements made by defendants were communications made in the proper discharge of their official duties. Section 27-1-804(1), MCA.

The order of the District Court is affirmed.

John C. Sheehy
Justice

We Concur:

- 4 -

_____
Chief Justice

_____
John Conway Harrison

_____

_____
S. C. Gulbrandson

_____
William E. Hunt

_____
Justices

- 5 -