CHIEF JUSTICE TURNAGE
delivered the Opinion of the Court.
The State appeals from a pretrial order granting a defense motion in limine. The order bars the State from presenting at trial evidence of past uncharged criminal conduct of defendant Thomas Rippingale. We affirm the order entered by the District Court for the First Judicial District, Lewis and Clark County.
The issue is whether the District Court abused its discretion in granting the motion in limine.
The defendants, Neil Andersen and Thomas Rippingale, have been charged by information with conspiracy and solicitation. The conspiracy charge alleges that Rippingale agreed with Andersen and Bryan Hardy to commit arson by burning down a mansion owned by Andersen. The solicitation charge alleges that Rippingale solicited Hardy to steal a pickup truck owned by Andersen. Trial on these charges has not yet occurred.
The State filed a notice of intent to introduce at trial evidence of a previous conspiracy to commit arson at a duplex owned by Rippingale, pursuant to the notice requirements of State v. Just (1979), 184 Mont. 262, 602 P.2d 957, as modified in State v. Matt (1991), 249 Mont. 136, 814 P.2d 52. The State also sought to introduce evidence of the theft of a pickup truck in 1980. The proposed evidence connecting Rippingale to both uncharged criminal acts would consist primarily of Hardy’s testimony.
Rippingale moved in limine to bar the State from introducing the evidence of the duplex fire and the theft of the pickup truck. The *356 motion was submitted to the District Court on briefs and was granted in a written memorandum and order. The court later denied the State’s motion for reconsideration. The State then filed its notice of appeal, appealing only the portion of the District Court’s order suppressing evidence of the prior conspiracy to commit arson at Rippingale’s duplex.
Did the District Court abuse its discretion in granting the motion in limine?
The standard for appellate review of evidentiary rulings is whether the district court abused its discretion. State v. Sadowski (1991), 247 Mont. 63, 69, 805 P.2d 537, 540. We will not overturn a district court’s findings of fact regarding suppression hearing evidence unless those findings are clearly erroneous. State v. Bower (1992), 254 Mont. 1, 7, 833 P.2d 1106, 1110.
The District Court’s ruling was made under the modified Just rule, after the court weighed the following requirements concerning admissibility of evidence of prior acts:
(1) The other crimes, wrongs or acts must be similar to the crime charged;
(2) The other crimes, wrongs or acts must not be remote in time;
(3) The evidence of other crimes, wrongs or acts is not admissible to prove character of a person in order to show that he acted in conformity with such character, but may be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident;
(4) Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading of the jury, considerations of imdue delay, waste of time, or needless presentation of cumulative evidence.
Matt, 814 P.2d at 56.
The Just notice filed by the State identified “the fires which occurred at the Rippingale duplex on or about February 3, 1987.” As the defense points out, the duplex fire with which Hardy has confessed involvement occurred in late January of 1987. The duplex was destroyed by a different fire, which occurred on February 3, 1987. Hardy has professed no connection with the February 3 fire, and from its review of the record, the District Court found that the January fire did not cause significant damage to the duplex. The court, *357 however, treated the two duplex fires as a unit for purposes of considering the motion in limine.
The State asserts that the District Court abused its discretion by: 1) underestimating the relevance and significance of other crimes evidence in conspiracy cases; 2) applying too strict a similarity standard and comparing the characteristics of the fires rather than the characteristics of the conspiracies; and 3) finding that the prejudicial effect of the prior acts substantially outweighed the probative value of the evidence. We will address these arguments in the order in which the State has presented them.
Rule 404(b), M.R.Evid., provides that
[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.
This rule of evidence is restated in the third requirement under the modified Just rule. Matt, 814 P.2d at 56. The State asserts that evidence of a previous agreement between Hardy and Rippingale to start a fire is admissible under this rule because of its relevance to the description, purpose, and nature of the charged conspiracy. In its Just notice, the State described the purpose of introducing the evidence as “to show intent, motive, plan, and to show the long-standing involvement of these two men in criminal activity as accomplices.”
In its order granting the defense’s motion in limine, the District Court stated “the fact that Hardy and Rippingale may have a history of criminal involvement is not a permissible purpose under Rule 404(b).” However, this was not the primary reason for the court’s ruling.
The primary reason given by the District Court for its ruling is that the fires at Rippingale’s duplex are not sufficiently similar to the mansion fire. This determination reflects the first factor under the modified Just rule.
The State asserts that all the differences listed by the District Court between the charged crime and the offered evidence relate to the nature of the fires. That is not true. The court’s order refers to the absence of evidence that the motives for starting the fires at the duplex and at the mansion were the same, because there is no evidence that Rippingale benefitted financially from the mansion fire. The court also noted that the two buildings were not owned by the *358 same person and that Hardy did not receive any payment for the fire at the Rippingale duplex but may have received something from the mansion fire.
In farther support of its argument that the District Court applied too strict a standard on similarity, the State compares this case with other Montana cases in which the admissibility of evidence of other acts or crimes was at issue. The persuasive value of this line of argument is limited for two reasons. First, rulings on admission of evidence of prior acts must be made on a case-by-case basis. Sadowski, 805 P.2d at 543. The Montana cases cited by the State deal with a wide variety of crimes, assorted purposes for introduction of the proposed evidence, and diverse other crimes, wrongs, or acts. These variables impede comparison of the cases.
Second, we emphasize our standard of review, which is to affirm the district courts’ discretion absent clear error. The effect of this standard of review is demonstrated not only in the Montana cases cited by the State, but also in the federal cases cited, which are more factually similar to this case. Overwhelmingly, the appellate decisions affirm the discretionary rulings of the trial courts.
The District Court stated that “[e]ven if the similarity prong of the test can be considered satisfied, the evidence should still not be admitted because its probative value is substantially outweighed by the danger of unfair prejudice to [Rippingale].” Unlike the proposed evidence in many cases, the proposed evidence in this case is uncorroborated testimony of an alleged accomplice. Moreover, it appears from the record that the credibility of Hardy, the alleged accomplice, will be hotly contested at trial on several bases. This raises significant questions about the probative value of the proposed evidence. On the other hand, there is obvious prejudicial potential in allowing the proposed evidence as an indication of a long-standing involvement of Hardy and Rippingale as accomplices in criminal activity.
We conclude that the District Court did not abuse its discretion in granting the defense motion in limine prohibiting the use at trial of the proposed evidence. We therefore affirm the decision of the District Court.
JUSTICES HARRISON, HUNT and TRIEWEILER concur.