NO.   94-393

IN THE SUPREME COURT OF THE STATE OF MONTANA

1995

PETER WOLF,

      Plaintiff and Appellant,

   v.

ED WILLIAMSON and THE CITY OF GLENDIVE,

      Defendant and Respondent.

FILED

FEB 14 1995

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Seventh Judicial District,
               In and for the County of Dawson,
               The Honorable Dale Cox, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

          John F. Lynch, Lynch Law Firm,
          Great Falls, Montana

      For Respondents:

          Gary L. Day, Lucas & Monaghan,
          Miles City, Montana

Submitted on Briefs:  December 15, 1994

Decided:  February 14, 1995

Filed:

Justice William E. Hunt, Sr., delivered the opinion of the Court.

Appellant Peter Wolf appeals from an order of the Seventh Judicial District Court, Dawson County, granting the motion for summary judgment of respondents Ed Williamson and the City of Glendive.

Affirmed.

Appellant raises the following issues:

1. Did the District Court err by granting respondents' motion for summary judgment?

2. Did the District Court err by failing to grant appellant's second motion for leave to amend the pleadings before granting summary judgment in favor of respondents?

From April 1989 to January 1991, appellant was employed by the City of Glendive as a police officer. In January 1991, appellant resigned his position in Glendive and was subsequently employed by the Ravalli County Sheriff's office as a deputy sheriff. In July 1991, appellant resigned from his position in Ravalli County and applied for a position as a police officer with the Kalispell Police Department. As part of his application, appellant signed an authorization for former employers to release information of past employment. The Kalispell Police Department requested information about appellant's employment history from Glendive Police Chief, Ed Williamson, who in turn, provided the requested information. After the Kalispell Police Department did not hire appellant, he obtained a copy of the information provided by Williamson to the Kalispell Police Department.

2

On February 11, 1993, appellant filed suit against Williamson, alleging defamation in the form of libel. The District Court granted appellant's motion to amend his complaint to add the City of Glendive as a defendant. On March 28, 1994, respondents filed a motion for summary judgment. Appellant filed a second motion for leave to file an amended complaint on May 31, 1994. On June 10, 1994, the District Court granted respondents' motion for summary judgment. Appellant appeals from the District Court's order granting summary judgment and its failure to rule on his second motion to amend the pleadings.

<u>ISSUE 1</u>

Did the District Court err by granting respondents' motion for summary judgment?

"Our standard of review on a grant of summary judgment is identical to that of a trial court's." Cooper v. Sisters of Charity (1994), 265 Mont. 205, 207, 875 P.2d 352, 353. Summary judgment is only proper when there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Rule 56(c), M.R.Civ.P.; Spain-Morrow Ranch, Inc. v. West (1994), 264 Mont. 441, 442, 072 P.2d 330, 332. The burden of proof rests with the party seeking summary judgment to provide the court with evidence which excludes any real doubt as to the existence of a genuine issue of fact. Berens v. Wilson (1990), 246 Mont. 269, 271, 806 P.2d 14, 16. The party opposing the summary judgment is entitled to have any inference drawn from the factual record resolved in his or her favor. Boylan v. Van Dyke (1991), 247 Mont.

3

259, 266, 806 P.2d 1024, 1028. Only after the moving party has met this burden of proof does the burden shift to the nonmoving party to show that a genuine issue of fact exists. Morton v. M.W.M., Inc. (1994), 263 Mont. 245, 249, 868 P.2d 576, 579. "When raising the allegations that disputed issues of fact exist, the non-moving party has an affirmative duty to respond by affidavit or other sworn testimony containing material facts that raise genuine issues; conclusory or speculative statements will not suffice." Koepplin v. Zortman Mining (Mont. 1994), 881 P.2d 1306, 1309, 51 St. Rep. 881, 882.

In his complaint, appellant alleged defamation in the form of libel, claiming that Williamson notified the Kalispell Police Department, through false and unprivileged publication, that appellant lacked appropriate personal habits, did not have good attendance habits, did not satisfactorily follow instructions, did not handle stress well, and was not suitable for re-employment with the Glendive Police Department. This information formed the basis of appellant's complaint.

As part of his application with the Kalispell Police Department, appellant signed an authorization to release information which provided:

> I am an applicant for a position with the Kalispell Police Department. I am required to furnish information which this agency may use in determining my moral, physical, mental and financial qualifications. In this connection, I hereby expressly authorize release of any and all information which you may have concerning me, including information of a confidential or privileged nature.

4

> I hereby release the agency with which I am seeking employment and any organization, company, institution or person furnishing information to that agency as expressly authorized above, from any liability for damage which may result from furnishing the information requested.

In addition to signing the above, appellant testified that he believed Williamson would be responding to requests for information from the Kalispell Police Department in his official capacity as Chief of Police. Williamson testified that he responded to the request for information from the Kalispell Police Department in his official capacity as Chief of Police. Two mayors of Glendive testified that one of the official duties of the Chief of Police is to respond to requests from prospective employers about past employees of the Glendive Police Department.

Libel is a false and unpriviledged publication which exposes a person to hatred, contempt, ridicule, or obloquy, or which causes him to be shunned or avoided or which has a tendency to injure him in his occupation. Section 27-1-802, MCA. A privileged publication involves one made in the proper discharge of an official duty. Section 27-1-804(1), MCA. "When a public official is acting within the scope of his or her authority, communications within that scope are privileged." Denny Driscoll Boys Home v. State (1987), 227 Mont. 177, 178, 737 P.2d 1150, 1152.

The record shows that Williamson was acting in his official capacity as Chief of Police when he responded to the request of the Kalispell Police Department for information about appellant's employment history with the Glendive Police Department. That information was a privileged communication under § 27-1-804(1),

5

MCA, and therefore, could not form the basis of a defamation action. Denny Driscoll Boys Home, 737 P.2d at 1150; Small v. McRae (1982), 200 Mont. 497, 521, 651 P.2d 982, 996. Respondents sustained their burden of establishing the absence of any genuine issue of material fact, thereby shifting the burden to appellant who failed to raise a genuine issue of material fact. Consequently, respondents were entitled to summary judgment as a matter of law.

We hold that the District Court did not err in granting respondents' motion for summary judgment.

## ISSUE 2

Did the District Court err by failing to grant appellant's second motion for leave to amend the pleadings before granting summary judgment in favor of respondents?

We review discretionary trial court rulings, such as trial administration issues, post-trial motions, and similar rulings, to determine whether the district court abused its discretion. Montana Rail Link v. Byard (1993), 260 Mont. 331, 337, 860 P.2d 121, 125. Absent an abuse of discretion, we will affirm the district court. State v. Anderson (1993), 260 Mont. 354, 358, 860 P.2d 115, 118.

On October 13, 1993, the District Court issued its memorandum of pre-trial scheduling conference and order which provided that requests for amending pleadings were to be made by March 3, 1994. Under Rule 15(a), M.R.Civ.P., a party may amend a pleading once as a matter of course; thereafter, a party may amend a pleading only

6

by leave of court or by consent of an opposing party. The District Court granted appellant's first motion for leave to file an amended complaint on March 2, 1994. On March 28, 1994, respondents filed a motion for summary judgment. On May 24, 1994, the District Court issued its minute entry order, stating that it intended to grant respondents' motion for summary judgment. On June 1, 1994, appellant filed a second motion to amend his complaint, seeking to add a claim under Montana's blacklisting statute, § 39-2-802, MCA. On June 8, 1994, the District Court issued its order granting summary judgment in favor of respondents. Although the District Court did not rule on appellant's motion to amend, it found that because appellant failed to plead blacklisting in the original complaint, as well as the amended complaint of March 2, 1994, blacklisting was not an issue properly before the court at the time of summary judgment.

There is nothing in the record to show that the District Court abused its discretion under Rule 15(a), M.R.Civ.P., by not granting appellant's second motion to amend his complaint.

We hold that the District Court did not err by failing to grant appellant's second motion for leave to amend the pleadings before granting summary judgment in favor of respondents.

Affirmed.

_William E. Hunt_
Justice

we concur:

_____
Chief Justice

_____

_____

_____
Justices

8

February 14, 1995

CERTIFICATE OF SERVICE

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:


John F. Lynch
Lynch Law Fim
P.O. Box 2265
Great Falls. MT 59403

Gary L. Day, Esq.
Lucas & Monaghan, P.C.
513 Main Street
P.O. Box 728
Miles City, Montana 59301

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
Deputy