No.   94-456

IN THE SUPREME COURT OF THE STATE OF MONTANA

1995

GARY R. GROSHELLE,

      Plaintiff and Respondent,

  v.

MELVIN E. REID and SHELLI REID,

      Defendants and Appellants.

*FILED*

*APR 4 1995*

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Thirteenth Judicial District,
               In and for the County of Yellowstone,
               The Honorable Maurice R. Colberg, Judge presiding.


COUNSEL OF RECORD:

      For Appellants:

          James P. Healow, Sweeney & Healow,
          Billings, Montana

      For Respondents:

          Larry D. Herman, Herman Law Office,
          Laurel, Montana


               Submitted on Briefs:   February 23, 1995

                        Decided:   April 4, 1995

Filed:

_____
          Clerk

Justice William E. Hunt, Sr., delivered the opinion of the Court.

Appellants Melvin E. and Sheila Reid appeal from an order of the Thirteenth Judicial District Court, Yellowstone County, granting partial summary judgment in favor of respondent Gary R. Groshelle, declaring that the provisions of a lease requiring the transfer of a Montana Beer and Wine License from appellants to respondent at the termination of the lease is valid and enforceable, subject to approval by the Montana Department of Revenue.

We affirm.

The issue on appeal is:

Did the District Court err in granting partial summary judgment in favor of respondent?

On May 27, 1988, respondent filed an application with the Montana Department of Revenue for the issuance of a Montana Retail On-Premises Consumption Beer/Wine License for use at 105 East Main, Laurel, Montana. On September 22, 1988, the Montana Department of Revenue issued its order approving respondent's application for Beer/Wine License No. 03-044-9153-301.

On May 15, 1989, respondent leased the bar and tavern space at 105 East Main to Clayton and Isabel Bertsch for two years, with an option to renew. The Bertschs agreed to rent the premises for $400 a month, to be increased to $500 a month in the seventh month of the lease. The lease provided that respondent would assign the beer and wine license to the Bertschs, and that he would retain a

2

security interest in the license. The Bertschs agreed to reassign the license to respondent on the termination of the lease. On July 20, 1989, the Montana Department of Revenue issued its order approving the transfer of the license to the Bertschs, subject to respondent's security interest.

After deciding to sell the business, the Bertschs filed an application with the Montana Department of Revenue for transfer of the license to appellants, subject to respondent's security interest. On June 27, 1990, the Bertschs filed a continuation statement signed by respondent and appellants with the Montana Department of Revenue showing the continuation of respondent's security interest in the license.

On August 22, 1990, a lease was executed naming respondent as landlord and appellants as tenants of the bar and tavern space at 105 East Main, along with furniture and fixtures. The lease was executed for a term of one year at $500 a month, with an option to renew. On termination of the lease, the license would be reassigned to respondent. On August 29, 1990, the Montana Department of Revenue issued its order approving the transfer of the license to appellants, subject to respondent's security interest.

On December 27, 1991, respondent and appellants executed another one-year lease for the premises, fixtures, and furniture. The rent was increased to $525 a month. The new lease had similar provisions as to the license. Appellants executed an assignment of

the license to respondent as security to be used upon termination of the lease.

On December 22, 1992, respondent and appellants executed another one-year lease with terms similar to the previous lease between the parties as to rent and the license.

On October 11, 1993, respondent notified appellants that he would agree to another one-year lease, subject to a $50 a month increase in rent. No agreement was reached between the parties. On December 22, 1993, the one-year lease expired, and appellants continued as hold-over tenants. On January 11, 1994, appellants acknowledged that the lease had expired and demanded that respondent release his security interest in the license. On January 19, 1994, respondent informed appellants that if a new lease was not negotiated, the month-to-month lease would be terminated. On February 7, 1994, respondent notified appellants that the month-to-month lease would terminate on March 11, 1994, and that respondent would apply to the Montana Department of Revenue to transfer the beer and wine license to respondent. On March 4, 1994, the Montana Department of Revenue denied respondent's application and refused to transfer the license to respondent pending a judicial determination.

On March 30, 1994, respondent filed a complaint seeking a judgment declaring the reassignment provisions of the lease valid and enforceable. Appellants counterclaimed, seeking a judgment declaring the reassignment portion of the expired lease unlawful,

4

void, and unenforceable, and discharging respondent's security interest in the beer and wine license.

On August 11, 1994, the District Court entered final judgment declaring that the provision of the lease requiring transfer of the beer and wine license to respondent to be valid and enforceable as between the parties, subject to the approval of the Montana Department of Revenue. It is from the District Court's final judgment that appellants appeal.

Did the District Court err in granting partial summary judgment in favor of respondent?

Because factual matters outside of the pleading were relied upon by the parties, the District Court treated the cross-motions for judgment on the pleading as motions for summary judgment under Rule 56, M.R.Civ.P. See Rule 12(c), M.R.Civ.P.

Our standard of review on a grant of summary judgment is identical to that of the district court. Cooper v. Sisters of Charity (1994), 265 Mont. 205, 207, 875 P.2d 352, 353. Summary judgment is only proper when there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Rule 56(c), M.R.Civ.P.; Spain-Morrow Ranch, Inc. v. West (1994), 264 Mont. 441, 442, 872 P.2d 330, 332. The burden of proof rests with the party seeking summary judgment to provide the court with evidence which excludes any real doubt as to the existence of a genuine issue of material fact. Berens v. Wilson (1990), 246 Mont. 269, 271, 806 P.2d 14, 16. Only after the moving party has

5

met this burden of proof does the burden shift to the nonmoving party to show that a genuine issue of material fact exists. Morton v. N.W.M., Inc. (1994), 263 Mont. 245, 249, 868 P.2d 576, 579. "When raising the allegations that disputed issues of fact exist, the nonmoving party has an affirmative duty to respond by affidavits or other sworn testimony containing material facts that raise genuine issues; conclusory or speculative statements will not suffice." Koepplin v. Zortman Mining (Mont. 1994), 881 P.2d 1306, 1309, 51 St. Rep. 881, 882.

Appellants argue that the District Court erred by declaring that the provision of the expired lease between the parties which reassigned the beer and wine license to respondent was enforceable, subject to the approval of the Montana Department of Revenue. Appellants contend that respondent is not entitled to enforce the reassignment provision of lease because his name did not appear on the license as the owner of the license throughout the time he claimed his security interest. Appellants argue that Feurherm & Neiss v. Schmaing (1979), 181 Mont. 136, 592 P.2d 924, is controlling. The issue in Feurherm is whether a person who claims equitable ownership of a beer license and wishes to have that license revert to him at the expiration of a lease may enforce his claim when he has never been the record owner of the license, his name has never been endorsed on the license in any other capacity, and as a result, he has never been subjected to the scrutiny of the Department of Revenue throughout the time he claimed his equitable

6

interest. We reversed the district court's holding that Neiss was the owner of the license and that reversion was proper. We reasoned that Neiss's claimed interest was never made known to the Department of Revenue, and therefore, his qualifications to own a beer license had never been scrutinized by the Department of Revenue.

We agree with the District Court's conclusion that _Feurherm_ is distinguishable. In _Feurherm_, we sought to prevent an undisclosed license owner from avoiding the Department of Revenue's power to revoke a license by revealing at the last minute that he or she, rather than the named licensee, is the true owner. We reasoned that in order for the Department of Revenue to have complete and effective control over the sale of intoxicating beverages, it must be notified of the nature and interest of each person who claims some interest in the license. That was not the case in _Feurherm._

However, as the original owner of the license, respondent in the present case was subjected to Department of Revenue scrutiny pending approval of his application. His security interest in the license was filed with the Department of Revenue. His name appeared on the license in his capacity as a secured party. Respondent's first assignment of the license to the Bertschs was approved by the Department of Revenue in 1989. In 1990, the Department of Revenue approved the transfer of the license to appellants, subject to respondent's security interest. In connection with this transfer, a continuation statement was signed

7

by respondent and appellants and filed with the Department of Revenue. All subsequent transfers of the license from respondent to appellants were approved by the Department of Revenue. It is clear that the harm we sought to prevent in Feurherm does not exist in the present case.

A beer and wine license is a privilege personal to the licensee, and in no case shall the licensee lease the license to another party. Section 42.12.206(1), ARM. However, the owner of a beer and wine license may transfer the license, subject to approval of the Department of Revenue. See Gartner v. Martin (1977), 173 Mont. 50, 566 P.2d 66; Beard v. McCormick (1966), 147 Mont. 361, 411 P.2d 964. In order to secure the transferor's interest, an alcohol beverage license may be subject to a mortgage, security interest, and other valid liens. Section 42.12.205(1) and (4), ARM. Nothing in the language of the various leases respondent entered into subsequent to receiving the initial Department of Revenue approval in 1989 creates a lease in the license. Respondent received no fair market value compensation for the license he transferred to appellants. Respondent leased the premises, furniture, and fixtures to appellants, and in addition, transferred the license to appellants, subject to his security interest and the reassignment provision of the lease in order to give value to the lease. There is nothing in the record to suggest that respondent intended to relinquish his beer and wine license

for the amount of rent collected from appellants over the course of four years.

We agree with the District Court's conclusion that the lease provision relating to reassignment of the beer and wine license is lawful and enforceable, subject to approval of the Department of Revenue. We hold that the District Court did not err in granting partial summary judgment in favor of respondent.

We affirm.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

April 4, 1995

CERTIFICATE OF SERVICE

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:


James P. Healow
SWEENEY & HEALOW
1250 15th Street W., Suite 202
Billings MT 59102

Larry D. Herman
HERMAN LAW OFFICE, P.C.
Box 217
Laurel MT 59044-0217


ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _A. Gallagher_
Deputy