NO. 94-620

IN THE SUPREME COURT OF THE STATE OF MONTANA

1995

ANN HUSCHKA, an incompetent person,
by Orville Reather, Guardian and/or
Conservator of her Person and Estate,

Plaintiff and Appellant,

v.

U. S. WEST DIRECT, Publisher of the
White and Yellow Pages, Incorporated,
a Division of U. S. West Marketing
Resources Group, Inc., Colorado,

Defendant and Respondent.

FILED

JUN 27 1995

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:    District Court of the Thirteenth Judicial District,
                In and for the County of Yellowstone,
                The Honorable Robert W. Holmstrom, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

            Lewis E. Brueggemann, Attorney at Law,
            Billings, Montana

        For Respondent:

            C. W. Leaphart, Jr., The Leaphart Law Firm,
            Helena, Montana (for U.S. West Direct)

            Rodney T. Hartman, Herndon, Hartman,
            Sweeney & Halverson, Billings, Montana
            (for Ginny Wanner's Personal Care, Inc.)

Submitted on Briefs:  April 20, 1995

Decided:  June 27, 1995

Filed:

Clerk

Justice William E. Hunt, Sr., delivered the opinion of the Court.

Appellant Ann Huschka appeals the decision of the Thirteenth Judicial District Court, Yellowstone County, granting respondent U.S. West Direct's motion for summary judgment. We affirm.

The issue on appeal is:

Did the District Court err when it granted respondent's motion for summary judgment?

Appellant, who is in her 70s, underwent surgery, after which she needed more care than her family could provide. Appellant and her family looked in respondent U.S. West's Yellow Page advertising to find a suitable place for her. Under the "Nursing Homes" classification, they located an advertisement for Ginny Wanner's Personal Care, Inc., which stated that it offered 24 hour care, 7 days a week, and that it was licensed by the state. It characterized itself as "A Retirement Personal Care Facility for the Elderly," offering a "Home Environment," a "Quiet Residential Setting," and stated that it was "Privately Owned & Operated." A few days after appellant began living at the facility, her large colon ruptured. Her condition went undiscovered by Ginny Wanner's personnel for approximately three and one-half hours. As a result of delayed medical treatment, appellant is now mentally retarded and totally dependent on others. The facility is not a licensed nursing home. Respondent does not dispute these facts.

Appellant's amended complaint of June 15, 1994, stated four causes of action: false advertising, res ipsa loquitur, negligence,

and willful and malicious neglect. Respondent filed an answer and a motion for summary judgment. The District Court granted summary judgment on November 30, 1994, concluding that there were no issues of material fact and that respondent was entitled to judgment as a matter of law.

Did the District Court err when it granted respondent's motion for summary judgment?

Our standard of review on summary judgments is the same as the district court's. Groshelle v. Reid (Mont. 1995), 893 P.2d 314, 316, 52 St. Rep. 261, 261 (citing Cooper v. Sisters of Charity (1994), 265 Mont. 205, 207, 875 P.2d 352, 353). When there is no genuine issue of material fact, the moving party is entitled to summary judgment as a matter of law. Groshelle, 893 P.2d at 316 (citing Spain-Morrow Ranch, Inc. v. West (1994), 264 Mont. 441, 444, 872 P.2d 330, 332). The burden of proof rests on the party seeking summary judgment to give the district court evidence that no genuine issue of material fact exists. Groshelle, 893 P.2d at 316 (citing Morton v. M-W-M, Inc. (1994), 263 Mont. 245, 249, 868 P.2d 576, 579). If the moving party meets that burden of proof, then the burden shifts to the nonmoving party to show that there is a genuine issue of fact. Wolf v. Williamson (Mont. 1995), 889 P.2d 1177, 1178, 52 St. Rep 51, 52 (citing Morton, 868 P.2d at 579).

> When raising allegations that disputed issues of fact exist, the non-moving party has an affirmative duty to respond by affidavit or other sworn testimony containing material facts that raise genuine issues; conclusory or speculative statements will not suffice.

3

Wolfe, 889 P.2d at 1178-79, 52 St. Rep. at 52 (citing Koepplin v. Zortman Mining (1994), 267 Mont. 53, 58-59, 881 P.2d 1306, 1309).

Appellant argues that respondent's advertisement listing Ginny Wanner's Retirement and Personal Care Home for the Elderly, Inc., not a licensed nursing home, under the "Nursing Home" section of its yellow pages advertising, violated § 50-5-107, MCA, and that respondent's violation of that statute amounted to negligence per se

> 50-5-107 Unlawful use of the word nursing. It is unlawful for any facility operating in this state to use the word "nursing" in its name, signs, advertising, etc., unless that facility does in fact provide 24-hour nursing care by licensed nurses.

"Facility" is defined in § 50-5-101(19), MCA

> "Health care facility" or "facility" means all or a portion of an institution, building, or agency, private or public, excluding federal facilities . . used, operated, or designed to provide health services, [or] medical treatment . to any individual.

Respondent publisher does not fit into any of the definitions of "facility." Thus, § 50-5-107, MCA, is not applicable to respondent. The elements of negligence per se are:

> 1. The defendant violated a particular statute:
>
> 2. The statute was enacted to protect a specific class of persons;
>
> 3. The plaintiff is a member of that class;
>
> 4. The plaintiff's injury is the sort the statute was enacted to prevent; and
>
> 5. The statute was intended to regulate a member of defendant's class.

Hislop v. Cady (1993), 261 Mont. 243, 247, 862 P.2d 388, 391. Respondent is clearly not a "facility" as defined by the statute. Its published advertisement of Ginny Wanner's under the "Nursing Home" classification in its Yellow Pages did not violate § 50-5-107, MCA. Respondent fails to meet the threshold element of negligence per se because the statute is inapplicable to it as a publisher.

Appellant further asserts that respondent violated the false advertising provisions of the Montana Unfair Trade Practices and Consumer Protection Act when it listed Ginny Wanner's advertisement under the "Nursing Homes" section even though it was not a nursing home.

The Act contains exemptions to its applicability in § 30-14-105, MCA, as follows:

> (2) acts done by the retail merchant, publisher . . . of a newspaper, periodical . . or advertising agency in the publication . . of an advertisement, when the owner, agent, or employee did not have knowledge of the false, misleading, or deceptive character of the advertisement and did not have a direct financial interest in the advertised product or service.

Appellant failed to offer any evidence that respondent knew that Ginny Wanner's advertisement might be false, misleading, or deceptive as listed under the "Nursing Home" section. Further, appellant showed no evidence that respondent had a direct financial interest in the transaction between appellant and Ginny Wanner's. Respondent publisher is exempt from the Act.

Appellant appears to argue that respondent fraudulently misrepresented the services of Ginny Wanner's by listing it under the "Nursing Home" classification when it was not a nursing home. Appellant asserts that as a result of this advertisement, she sustained damages at Ginny Wanner's facility. The elements of actual fraud must include proof of the following nine elements:

1. a representation;

2. its falsity;

3. its materiality;

4. the speaker's knowledge of its falsity or ignorance of its truth;

5. the speaker's intent that it should be acted upon by the person and in the manner reasonably contemplated;

6. the hearer's ignorance of its falsity;

7. the hearer's reliance on its truth;

8. the right of the hearer to rely upon it;

9. the hearer's consequent and proximate injury or damage. Davis v. Church of Jesus Christ of Latter Day Saints (1993), 258 Mont. 286, 293, 852 P.2d 640, 644 (citing Lee v. Armstrong (1990), 244 Mont. 289, 293, 798 P.2d 84, 87). Appellant does not allege the elements of fraud with particularity, as required by Rule 9(b), M.R.Civ.P. Appellant does not allege or offer any proof that respondent knew that Ginny Wanner's advertisement was false or that respondent published the advertisement with an intent to deceive readers. U.S. West did not make a representation to appellant. It

published Ginny Wanner's advertisement in its Yellow Pages. Respondent's act of publishing Ginny Wanner's advertisement is not a representation of itself and does not meet the first required element of fraudulent misrepresentation, thus the whole claim fails.

Appellant appears to contend that respondent is liable for negligent misrepresentation, claiming that respondent had a duty to "correctly . . . list businesses under these . . classifications." Negligence requires the plaintiff to prove the existence of a duty to the plaintiff from the defendant, a breach of that duty, proximate causation, and damages. Lence v. Hagadone Inv. Co. (1993), 258 Mont. 433, 446, 853 P.2d 1230, 1238 (citing Scott v. Robson (1979), 182 Mont. 528, 535-36, 597 P.2d 1150, 1154). The facts do not support the existence of the threshold element of a duty between appellant and respondent.

The record shows that respondent met its burden of showing that no issue of material fact exists. As a result, the burden shifted to appellant who failed to meet her burden of proof to establish that there is any genuine issue of material fact.

We hold that the District Court did not err when it granted respondent's motion for summary judgment.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1988 Internal Operating Rules, this decision shall not be cited as precedent and shall be published by its filing as a public document