No. 97-686

IN THE SUPREME COURT OF THE STATE OF MONTANA

1998 MT 89N

OLIVER GENDREAU,

Plaintiff and Appellant,

v.

MICHAEL D. ROUNTREE,

Defendant and Respondent.

APPEAL FROM:   District Court of the Fifteenth Judicial District,
In and for the County of Daniels,
The Honorable David Cybulski, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Mark T. Errebo; Kurth & Errebo, P.C.; Billings, Montana

For Respondent:

Loren J. O'Toole II; O'Toole & O'Toole; Plentywood, Montana

Submitted on Briefs: March 19, 1998
Decided:   April 23, 1998
Filed:

_____

Clerk
Justice Jim Regnier delivered the opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996

Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number, and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2    On June 30, 1997, Oliver Gendreau filed a complaint in the Fifteenth Judicial District Court, Daniels County, against Michael Rountree.  Gendreau brought an action against Rountree to relinquish or release an oil and gas lease which he had entered into with Rountree.  Rountree filed a motion for summary judgment, which the District Court granted on October 3, 1997. Gendreau now appeals from the order granting Rountree summary judgment. We affirm.

¶3    The issue on appeal is whether the District Court erred in granting Rountree's motion for summary judgment.

FACTUAL AND PROCEDURAL BACKGROUND

¶4    On October 11, 1996, Oliver Gendreau, as lessor, entered into an oil and gas lease with Michael Rountree, as lessee, on lands in Daniels County, Montana. The parties executed an extension of the lease on January 12, 1997. Under the terms of the lease, Rountree had to commence drilling operations by February 12, 1997, in order to automatically extend the lease under the lease provisions.

¶5    On June 6, 1997, Gendreau's attorney sent a demand letter to Rountree, asking him to execute and file a release of the oil and gas lease with the Daniels County Clerk and Recorder.  The reason for this demand was because "the primary term of the lease has expired and the lease has not been extended into a secondary term by production or any other reason."  Rountree refused to release the lease.

¶6    On June 30, 1997, Gendreau filed a complaint in the Fifteenth Judicial District Court, Daniels County, seeking to compel the release of the lease between him and Rountree.  On July 2, 1997, Gendreau applied to the District Court for a preliminary injunction and  temporary restraining order preventing Rountree from commencing or continuing operations to drill for oil and gas on the lands covered by the lease.  A hearing was held on July 8, 1997, and the District Court denied the application.

¶7    On July 24, 1997, Rountree filed an answer to the complaint and a counterclaim against Gendreau.  Also on July 24, 1997, Rountree filed a motion for summary judgment, claiming that Gendreau did not provide adequate notice of any breach or default as specified in Paragraph 35 of the lease before commencing this litigation in the District Court.   Paragraph 35, entitled "BREACH OR DEFAULT," provides in pertinent part:

> [N]o litigation shall by initiated by [Gendreau] with respect to
> any breach or default by [Rountree] hereunder for a period of at
> least sixty (60) days after [Gendreau] has given [Rountree]

written notice fully describing the breach or default, and then only if [Rountree] fails to remedy the breach or default within such period. In the event the matter is litigated and there is a final judicial determination that a breach or default has occurred, this Lease shall not be forfeited or canceled in whole or part unless [Rountree] is given reasonable time after said judicial determination to remedy the breach or default and [Rountree] fails to do so.

Rountree argued that he was entitled to summary judgment because Gendreau violated the lease by filing his compliant less than 60 days after making his demand on June 6, 1997.

¶8 On August 7, 1997, Gendreau filed his response, asserting that he was not terminating the lease because Rountree had breached or defaulted. Instead, he argued that the lease was no longer in effect because Rountree had not commenced drilling operations within the primary term of the lease. Gendreau also argued that a material fact may exist because the parties dispute whether the lease had expired under its own terms.

¶9 The motion was fully briefed and a hearing was held on September 29, 1997. On October 3, 1997, the court issued an order granting summary judgment for Rountree and awarding him attorney fees and costs. From this order Gendreau appeals.

DISCUSSION

¶10 Did the District Court err in granting Rountree's motion for summary judgment?

¶11 The District Court granted summary judgment because it determined that under Paragraph 35 of the lease it was undisputed that the "lease was extended beyond its primary term by the commencement of drilling operations before the expiration of the lease." The court concluded that no other breach or termination provision, including Paragraph 35, applied under the facts presented.

¶12 Our standard of review in appeals from summary judgment rulings is de novo. See Motaire v. Northern Montana Joint Refuse Disposal Dist. (1995), 274 Mont. 239, 242, 907 P.2d 154, 156; Mead v. M.S.B., Inc. (1994), 264 Mont. 465, 470, 872 P.2d 782, 785. When we review a district court's grant of summary judgment, we apply the same evaluation as the district court based on Rule 56, M.R.Civ.P. See Bruner v. Yellowstone County (1995), 272 Mont. 261, 264, 900 P.2d 901, 903. In Bruner, we set forth our inquiry:
    The movant must demonstrate that no genuine issues of material fact exist. Once this has been accomplished, the burden then shifts to the non-moving party to prove, by more than mere denial and speculation, that a genuine issue does exist. Having determined that genuine issues of material fact do not exist, the court must then determine whether the moving party is entitled

to judgment as a matter of law. We review the legal determinations made by a district court as to whether the court erred.

Bruner, 272 Mont. at 264-65, 900 P.2d at 903 (citations omitted).

¶13 On appeal, Gendreau first argues that Rountree's motion for summary judgment was insufficient to carry the initial burden of proof that no issue of material fact existed. In essence, Gendreau's argument is that the District Court should not have relied upon Rountree's assertion that he had commenced drilling before the lease term ended because Rountree's motion for summary judgment was based upon whether Gendreau had failed to comply with the notice requirements of Paragraph 35. Gendreau contends that the District Court erred by granting summary judgment on grounds wholly unrelated to the grounds in Rountree's motion and briefs.

¶14 Upon a review of the pleadings and transcripts, we conclude that Gendreau's first argument is meritless. The main argument presented before the District Court by both parties was whether or not the lease was in effect when Rountree received Gendreau's demand letter, asking him to file a release of the lease. Although Rountree argued that he had been given improper notice of breach or default before Gendreau commenced litigation, he presented evidence to the court that the lease was still in effect because he had commenced drilling operations. Gendreau countered by arguing that the lease had expired upon its own terms rather than by breach or default. Thus, the court was required to decide whether the lease was still in effect because Rountree had commenced drilling during the term of the lease. Therefore, we conclude that Rountree's brief and motion were sufficient to carry his initial burden of proof that no issue of material fact existed.

¶15 Next, Gendreau argues that the District Court erred in granting Rountree's motion for summary judgment because there are genuine issues of fact which preclude the granting of summary judgment for Rountree. Specifically, Gendreau contends that there are at least two issues of material fact:

1) no evidence was before the court that a drill bit had entered the ground prior to the expiration of the primary term of the lease on February 12, 1997; and 2) in any case, the cursory activities performed on the well location in February were not "commencing drilling operations" as defined in the lease and were insufficient to extend the lease into a secondary term and hold it for 5 months.

¶16 The District Court stated that "[c]learly there had to be a drilling bit penetrating the ground to drill the hole to insert the conductor pipe into the ground on or before February 11, 1997." Therefore, the court ruled that the "lease was extended beyond its primary term by the commencement of drilling operations before the expiration of the lease." Finally, the court noted that no breach or default provision applied under the facts as presented.

¶17   As stated above, the lease would terminate on February 12, 1997, the end of the primary term, unless drilling operations were being pursued.  Under Paragraph 3 of the lease, the term "commence drilling operations" is defined as "the actual penetration of the ground by a drilling bit."

¶18   Rountree presented evidence that he had commenced drilling before the expiration of the lease term.  This evidence included an affidavit filed with the Clerk and Recorder of Daniels County on April 7, 1997, wherein Rountree states that on February 11, 1997, operations were commenced, conductor pipe was set, and drilling operations were commenced.  Also, the court reviewed photographs depicting the conductor pipe set into the ground, showing that drilling had commenced as defined under the lease.

¶19   Gendreau provided the District Court with no evidence that drilling had not commenced.  In fact, it is only by way of argument by counsel at the summary judgment hearing that Gendreau contended that no drilling had commenced, thus the lease had expired upon its own terms.

¶20   In order to meet its burden, the party opposing a motion for summary judgment must present substantial evidence, not mere denial, speculation, or conclusory statements.  Sprunk v. First Bank System (1992), 252 Mont. 463, 466, 830 P.2d 103, 105.  "The opposing party's facts must be material and of a substantial nature, not fanciful, frivolous, gauzy nor merely suspicions." Fleming v. Fleming Farms, Inc. (1986), 221 Mont. 237, 241, 717 P.2d 1103, 1105.  Moreover, the opposing party cannot rest upon mere allegations in the pleadings, but "has an affirmative duty to respond by affidavits or other sworn testimony containing material facts that raise genuine issues; conclusory or speculative statements will not suffice."  Groshelle v. Reid (1995), 270 Mont. 443, 447, 893 P.2d 314, 316.

¶21   After a review of the record, we conclude that Gendreau has failed to establish a genuine issue of material fact with regard to any of his claims.  In fact, the record is devoid of any evidence to contradict Rountree's affidavit submitted in support of his motion for summary judgment.  Rather, Gendreau relies on speculative and conclusory statements which are not directly supported by evidence contained within the record.

¶22   Accordingly, we hold that the District Court did not err when it granted summary judgment in favor of Rountree.

¶23   Affirmed.

/S/  JIM REGNIER


We Concur:

/S/  J. A.  TURNAGE
/S/  KARLA M. GRAY

/S/  WILLIAM E. HUNT, SR.
/S/  JAMES C. NELSON