**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DARLENE MAAS, | No.    21-35684 |
| Plaintiff-Appellant, | D.C. No. 1:19-cv-00079-BMM |
| v. | |
| CITY OF BILLINGS; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Montana
Brian M. Morris, District Judge, Presiding

Submitted February 9, 2023[**]

Before:  WALLACE, FERNANDEZ, and SILVERMAN, Circuit Judges
Concurrence by Judge WALLACE.

Darlene Maas appeals from the judgment entered in favor of the defendants in

her civil rights action against the city defendants.  We have jurisdiction pursuant to

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

28 U.S.C. § 1291.  We review summary judgment de novo, *Brodheim v. Cry*, 584

F.3d 1262, 1267 (9th Cir. 2009), and affirm.

Summary judgment was proper on the state defamation claims.  Any claims

arising out of incidents that occurred before June 5, 2017 are barred by the two-year

statute of limitations set forth in Montana Code Annotated § 27-2-204(3).  *See*

*Knight v. City of Missoula*, 827 P.2d 1270, 1273 (Mont. 1992) (holding that statutes

of limitations begin to run, "at latest, on date of discovery of facts which would give

rise to cause of action").  The statements made by the officers while they were acting

within the scope of their authority were privileged communications that could not be

defamatory under Montana law.  *Wolf v. Williamson*, 889 P.2d 1177, 1179 (Mont.

1995).

Even if Maas could raise a cognizable claim for a violation of ethical rules,

she failed to come forward with any admissible evidence to establish that any

defendant violated any specific ethical rule.

Maas's claims that the defendants violated the federal and state constitutions

by failing to protect her property during her disputes with her neighbors are barred

by the three-year statutes of limitations.  *See Belanus v. Clark,* 796 F.3d 1021, 1025

(9th Cir. 2015) (holding that the statute of limitations for § 1983 claims in Montana

is three years); *Belanus v. Potter*, 394 P.3d 906, 910 (Mont. 2017) (holding that the

statute of limitations for state constitutional torts is three years). To the extent that Maas raises a constitutional claim not barred by the statutes of limitations, she did not produce sufficient evidence to establish any constitutional violation.

As Maass has not established that she suffered any prejudice from the denial of any discovery, the district court did not abuse its discretion. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002).

**AFFIRMED.**

3

FILED

FEB 10 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

WALLACE, Circuit Judge, concurring:

I concur fully in the memorandum disposition. I write separately to call attention to the standard of review used by the district court to review the magistrate judge's report and recommendations. Despite the plaintiff's filing of timely, written objections, the district court reviewed the magistrate judge's report for clear error. The district court stated that clear error review applied because the plaintiff's objections merely advanced the same arguments as those presented to the magistrate judge. There is no such rule in our circuit, and such a rule is atextual, illogical, and likely anathema to Article III.

As a matter of statutory text, the Federal Magistrates Act requires that a district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made [within fourteen days]." 28 U.S.C. § 636(b)(1). Use of the word "shall" indicates that Congress "clearly indicated that district courts are *required* to make a *de novo* determination of the portions of the magistrate judge's report to which a party objects[.]" *United States v. Howell*, 231 F.3d 615, 622 (9th Cir. 2000) (emphasis in original). Therefore, because of the clear language of the statute, if a party files timely, written objections to either "portions" of the report or "specified" proposed findings, the district court must make a de novo determination as to those objections.

*See id.*; 28 U.S.C. § 636(b)(1). Here, Maas's objections may have been meritless and imprecisely stated, but, for purposes of the statute, the district court was required to make a de novo determination.

Moreover, permitting district courts to employ clear error review of a party's objections merely because the objections repeat arguments made before the magistrate judge turns the nature of review on its head. Any objection requesting district court review of a magistrate judge's report is bound to rehash arguments previously made. "That is—by definition—the very nature of 'review.'" *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011). Indeed, parties are not entitled to de novo review of an argument never raised before the magistrate judge. *See Howell*, 231 F.3d at 621. To hold additionally that a party is not entitled to de novo review of arguments that were previously raised before the magistrate judge would be illogical. *See Pearce v. Chrysler Grp. LLC Pension Plan*, 893 F.3d 339, 346 (6th Cir. 2018) ("The heads-I-win-tails-you-lose restrictions that the district court has imposed on objections are illogical and without legal support."). Such a rule cannot stand.

Last, and most importantly, such clear error review may run afoul of Article III. The Federal Magistrates Act was only upheld because it promises litigants a de novo determination by an Article III judge. *See United States v. Saunders*, 641 F.2d 659, 663 (9th Cir. 1980) ("[T]he Magistrates Act comports with Article III because it subjects magistrates' rulings to de novo determination by a

2

federal district judge."), *citing United States v. Raddatz*, 447 U.S. 667, 681–84 (1980); *see also United States v. Remsing*, 874 F.2d 614, 618 (9th Cir. 1989) ("[T]he statutory and constitutional obligation of the district court is to arrive at its own independent conclusion about those portions of the magistrate's report to which objections are made.").

Magistrate judges serve admirably the federal judiciary. However, the Federal Magistrates Act and Article III ensure that a district judge will make a de novo determination of any appropriate objections. While the district court here did not make such a de novo determination, this error is harmless as the result would have been the same regardless of the standard of review employed. Therefore, I concur in the result of the majority.